OSCAR C. FERRIS, Respondent, *v.* WILLIAM R. SPOONER, as Assignee, etc., Impleaded, etc., Appellant.

102   10
137   486

C. executed to plaintiff a bond and mortgage dated July 15, 1882, nominally to secure the payment of $27,000 on demand. It appeared they were in fact given to secure advances to be thereafter made under a contract of the same date between the parties, by which plaintiff agreed to loan C. $27,000, "provided he forthwith erect" three houses on the mortgaged premises, the money to be advanced in specified sums as the work progressed, the whole of which was to be done within a year. If C. proceeded with the work so as to be entitled to the first advance within ninety days from the date of the agreement and to each subsequent advance in like time after the preceding one, it was agreed that no demand should be made for payment until ninety days after C. had become entitled to the last advance. Prior to November, 1882, plaintiff advanced $11,500 under the contract. On November fourth, C. abandoned his contract leaving the houses in an unfinished condition, and made a general assignment for the benefit of creditors. In an action to foreclose the mortgage, commenced November 28, 1882, *held*, that when C. abandoned the contract, plaintiff was discharged from all obligations either to advance further sums or to delay foreclosure, and that, therefore, the action was not prematurely brought; also that a demand was not necessary before bringing suit.

(Argued March 8, 1886; decided March 23, 1886.)

APPEAL from judgment of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 18, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was for the foreclosure of a bond and mortgage, executed by one Coggeshall to plaintiff on the 15th of July, 1882.

The bond purports to have been given as security for the payment of $27,000 with interest on demand, but it appeared before the trial court that the obligor was not in fact indebted to the plaintiff and received no money from him at the time of its execution. The real consideration was expressed in certain instruments bearing even date with the bond and mortgage, and by which the plaintiff agreed to loan Coggeshall $27,000, "provided he forthwith erect" three houses upon the mortgaged premises, the money to be advanced in certain sums as the work progressed; but it was agreed that no part of the loan should be made unless his title, at the time such advances became due, was "satisfactory to the plaintiff," nor after twelve months from July 15, 1882, unless the houses were then complete, and on the other hand, if he should proceed with the erection of the buildings so as to become entitled to the first advance within ninety days from the date of the agreement; and to each subsequent advance in like time after the preceding one, then no demand should be made for the payment of the mortgage until ninety days after he had become entitled to the last advance on the loan.

Between the 29th of September and the 30th of October, 1882, the plaintiff advanced $11,500, but on the 4th of November, 1882, the defendant Coggeshall abandoned his contract to erect the houses and left the same in an unfinished condition. On the same day he made a general assignment of all his property (in value less than $200) to the defendant Spooner for the benefit of his creditors. The action was commenced on the 28th of November, 1882, and the debtor and Spooner, his assignee, were made defendants. They answered jointly, but upon trial the above amount was found due and judgment of foreclosure and sale granted.

*W. T. Birdsall* for appellant. So much of the parol proof offered as tended to explain the transaction was as clearly admissible as were the agreements, one of which was under seal and the other not. (Code of Civ. Pro., § 840.) The clause in the agreement not to demand or foreclose for certain specified periods constitutes a defense. (Code of Civ. Pro., §§ 500, 501, 3339; *N. Y., S. L. & V. Co.* v. *Helmer*, 77 N. Y. 64; *Seligman* v. *Dudley*, 14 Hun, 186.)

*G. M. Thompson* for respondent. The bond being payable on demand was in legal effect due presently and no demand was necessary. (*Gillett* v. *Balcolm*, 6 Barb. 370; *Wheeler* v. *Warren*, 47 N. Y. 519; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend. 268.) The agreement not to demand or foreclose for a limited time does not change the legal effect of the bond as understood by the parties. Breach of such a covenant is no defense to an action on the instrument. (*Winans* v. *Hudson*, 6 Wend. 472.)

DANFORTH, J. The appeal to this court is by Spooner as assignee. In substance he contends that the action is premature—that he might within the ninety days limitation go on with the contract, and at any rate that the plaintiff could not have payment or foreclosure until it expired. But the plaintiff's agreement to advance money and his promise to delay foreclosure were both dependent upon the undertaking of Coggeshall to erect the houses; when, therefore, he repudiated the further performance of the contract, the plaintiff was discharged from all obligation to do either and set at liberty to enforce his securities for the money already advanced. (*Hochster* v. *De La Tour*, 2 E. & B. 678.) A previous demand of payment was not essential to a cause of action. (*Gillett* v. *Balcolm*, 6 Barb. 370.) The appellant's position is no better than that of his assignor, and the other points made by him seem to us unimportant.

We think the judgment was right and should be affirmed.

All concur.

Judgment affirmed.