MARKS v. VAN EEGHEN et al.

(Circuit Court of Appeals, Second Circuit.    March 2, 1898.)

No. 65.

EXECUTORY CONTRACT—REPUDIATION BY ONE PARTY—RESULTING RIGHT OF ACTION.

Where one party to an executory contract renounces it without cause before the time for performing it has elapsed, he authorizes the other party to treat it as terminated without prejudice to a right of action for damages; and, if the latter elects to treat the contract as terminated, his right of ac-

tion accrues at once. It must appear, however, that the intention to repudiate the contract was distinctly signified.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action for damages for breach of a contract of sale. In the circuit court there was a verdict and judgment for plaintiffs, and the defendant sued out this writ of error.

David B. Ogden and Henry B. Closson, for plaintiff in error.

Howard A. Taylor and McCready Sykes, for defendants in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiffs entered upon the verdict of a jury.

The action was brought to recover damages for breach of contract to purchase sugar. It appeared in evidence that May 4, 1896, the plaintiffs, by their agent at New York City, entered into a contract with the defendant, whereby they agreed to sell and the defendant agreed to buy 5,000 bags of sugar, at a specified price, to be shipped by steamer from Holland in the following June or July, to New York or Baltimore. Evidence was given tending to show that on July 3d the defendant, upon being requested by an agent for the plaintiffs to inform them whether he intended to carry out the contract for the purchase of the sugar, stated that he did not and would have nothing to do with the contract. The agent then notified the defendant that the plaintiffs would dispose of the sugar elsewhere, and would hold defendant responsible for their loss. The action was brought July 23, 1896. The defendant requested the trial judge to direct a verdict in his favor, upon the ground that, at the time when the action was commenced, there was no breach of the contract. The request was refused, and the trial judge instructed the jury that, if they found that on July 3d the defendant distinctly, unequivocally, and absolutely refused to carry out the contract, the plaintiffs were entitled to recover.

The principal question raised by the assignments of error is whether, upon the facts shown, the action was maintainable. It is insisted for the plaintiff in error that it was not, because the action was brought before the expiration of the contract time for performance. On the other hand, it is insisted for the defendants in error that if, before the time for performing an executory contract has arrived, one party announces to the other that he does not intend to perform it, the latter may consider the contract as broken, and bring action immediately against the former for the breach.

It was decided in Daniels v. Newton, 114 Mass. 530, that the action does not lie before the expiration of the time of performance, and recently that case was followed in Clark v. Casualty Co., 67 Fed. 222. The question has never been decided by the supreme court of the United States, and the observations in the opinions in Smoot's Case, 15 Wall. 36, and Dingley v. Oler, 117 U. S. 490, 6 Sup. Ct. 850, were obiter. In view of the overwhelming preponderance of adjudication, we think it must be accepted as settled law that where one party to an executory

contract renounces it without cause, before the time for performing it has elapsed, he authorizes the other party to treat it as terminated, without prejudice to a right of action for damages; and, if the latter elects to treat the contract as terminated, his right of action accrues at once. The latter, however, must elect whether he will treat the contract as terminated, or as still existing; and, if he does not do so, his right of action for a breach can only rest upon the refusal of the other party to perform the existing contract according to its terms. The action cannot be maintained when the evidence to prove a renunciation of the contract is equivocal or indeterminate. It is enough, however, if it appears that he has distinctly signified his intention to repudiate the contract. The English authorities in support of these propositions, beginning with the leading cases of Hochster v. De La Tour, 2 El. & Bl. 678, are unanimous. Frost v. Knight, L. R. 7 Exch. 111; Roper v. Johnson, L. R. 8 C. P. 167; Johnstone v. Milling, 16 Q. B. Div. 460. The doctrine of these authorities has been adopted and approved by the courts of this country in numerous adjudications. Brewing Co. v. Bullock, 8 C. C. A. 14, 59 Fed. 83; Howard v. Daly, 61 N. Y. 362; Ferris v. Spooner, 102 N. Y. 10, 5 N. E. 773; Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436; Nichols v. Steel Co., 137 N. Y. 471, 33 N. E. 561; Fox v. Kitton, 19 Ill. 519; Engesette v. McGilvray, 63 Ill. App. 461; Railway Co. v. Richards, 152 Ill. 59, 38 N. E. 773; Crabtree v. Messersmith, 19 Iowa, 179; Holloway v. Griffith, 32 Iowa, 409; McCormick v. Basal, 46 Iowa, 235; Platt v. Brand, 26 Mich. 173; Sloss Co. v. Smith, 11 Ohio, 312; Kalkhoff v. Nelson, 60 Minn. 284-287, 62 N. W. 332; Davis v. Furniture Co., 41 W. Va. 717, 24 S. E. 630.

In the present case there was sufficient evidence of an unequivocal renunciation of the contract by the defendant, and the election of the plaintiffs to treat the contract as terminated was signified by the prompt commencement of their action.

Error is assigned of the refusal of the trial judge to instruct the jury that the defendant was entitled to recover upon his counterclaim for damages. According to the testimony for the defendant, a previous lot of sugar purchased by him of the plaintiffs did not correspond with the sample. The testimony of the other witnesses that the sugar examined by them did not correspond with the sample was based upon a sample given to them by the defendant, and was of no value if the jury did not believe the testimony of the defendant. The testimony of a party, although uncontradicted, may be rejected because of his interest. The court properly left the case upon this issue to the jury.

The judgment is affirmed.