[No. 12388.   Department Two.   May 29, 1915.]

CALHOUN, DENNY & EWING, *Respondent*, v. HANS PEDERSON
*et al.*, *Appellants*.[1]

EXCHANGE OF PROPERTY—CONTRACT—MISTAKE—EFFECT. Where by mutual mistake, a contract for the exchange of property omitted mention of a right of way to which one of the properties was subject, the court may find the intention of the parties, and allow recovery without removing the cloud on the title caused by the mistake.

SAME—CONTRACT—REPUDIATION—EFFECT. Where one of the parties to a contract for the exchange of property declares that he will not perform on his part, the other is not required to tender performance before bringing action to recover for the breach thereof.

SAME—REPUDIATION—EFFECT ON ARBITRATION AGREEMENT. Where one party to a contract for the exchange of property elects to abandon it and so notifies the other parties, the latter are released from performance on their part in the manner specified in the contract; hence an agreement in the contract that the matters in dispute should be submitted to arbitration cannot be invoked against their right of action upon the contract.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 21, 1914, upon findings in favor of the plaintiff, in an action upon a promissory note, tried to the court.   Affirmed.

*Tucker & Hyland*, for appellants.
*Hall & Cosgrove*, for respondent.

MAIN, J.—The purpose of this action was to recover upon a promissory note.   The cause was tried to the court without a jury.   Findings of fact, conclusions of law, and a judgment having been entered in favor of the plaintiff, the defendants have appealed.

[1]Reported in 149 Pac. 25.

The facts necessary to an understanding of the questions presented are as follows: On January 27, 1913, the defendants and W. C. Ashley and wife, being mutually desirous of exchanging certain real estate, entered into a contract wherein the plaintiff was named as party of the first part, the Ashleys as parties of the second part, and the defendants as parties of the third part. The real estate to be exchanged by the Ashleys was a 2,860 acre farm in Adams county, Washington, commonly known as Broadacres Place. As earnest money, the Ashleys and the defendants were each to place in escrow with the plaintiff the sum of $2,000. This deposit on the part of the defendants was in the form of a promissory note for the principal sum of $2,000, due on demand, with interest at eight per cent per annum from demand for payment until paid. This note was signed by the defendant Hans Pederson. The contract, among other provisions, contained the following:

"It is agreed that if the title to either or both of said properties is not good, or cannot be made good within ninety days from date of completion of examination of title, the earnest money hereby receipted for shall be refunded by the party of the first part to the parties depositing the same, and this agreement shall thereupon become void.

"The question of marketability of either or both of the above properties shall be referred to an attorney to be selected by the three parties to this agreement, and the opinion of said attorney shall be accepted as final and as binding upon all parties hereto.

"But if the title to both of said properties is good and either the party of the second part or the party of the third part hereto neglects and refuses to comply with any condition of the exchange as herein set forth, within ten days of receipt of abstract for examination, then the earnest money received from such defaulting party by party of the first part herein shall be forfeited, one-half to the party not in default, and the other half to the party of the first part, and the deposit made by the party not in default shall be returned, and the party of the first part shall thereupon become released from any further obligation hereunder."

On or about March 10, 1913, the plaintiff delivered to the defendants abstract of title to the Broadacres Place. On March 14, 1913, the defendants delivered to the plaintiff their objections to the title to this real estate, among which was the fact that the abstract showed that there was a roadway and right of way for a pole line across the land. The other objections need not be noticed, since there is no controversy over them. Thereafter, on or about March 20, 1913, the defendants notified the plaintiff and the Ashleys that they would not make the exchange of the properties mentioned in the contract, even if the Ashleys should remove the objections made by the defendants within the time allowed by the contract. By the terms of the contract the Ashleys would have had ninety days from March 14, 1913, to remove the objections to the title made by the defendants. The Ashleys having, on May 12, 1913, assigned to the plaintiffs the promissory note for $2,000, hereinbefore mentioned, this action was brought on July 1, 1913.

On the left-hand lower corner of the note was written: "This is not binding if either title is rejected." Whether this writing was placed upon the note under circumstances that would constitute fraud, as found by the trial court, need not be determined, as the rejection therein mentioned no doubt refers to a rejection in the manner specified in the contract.

It is contended that this action cannot be maintained without removing the cloud from the title caused by the right of way for pole line and road crossing the land. The trial court found that it was the intention of the parties to the contract to insert a provision in the contract providing that the title of the Ashleys to the Broadacres Place was subject to a right of way for pole line and road across the same, owned by the Washington Water Power Company, and that the Ashleys were to transfer the land to the defendants under the contract subject to this right of way, but that by mutual mistake of the parties and through the

mistake of the scrivener in omitting the same, such a provision was not placed in the contract, and the contract was signed by the parties thereto under the mutual mistake and belief that such a provision was embodied therein.

There is another reason why the Ashleys were not required to cure the title of this defect before the action could be maintained upon the note in question, and that is that the appellants had, previous to the expiration of the time allowed under the agreement to make the title good, repudiated the contract, and had stated that the contract would not be carried out even if the objections to the title should be removed within the time provided in the agreement. Where one of the parties to a contract declares that he will not perform on his part, he thereby relieves the other from the contract and its obligations. One party is not required to tender performance when the other has made it plain that he will not accept the tender if it should be made. *Bruggemann v. Converse*, 47 Wash. 581, 92 Pac. 429; *Ferris v. Spooner*, 102 N. Y. 10, 5 N. E. 773; *Eckenrode v. Chemical Co.*, 55 Md. 51; *Roehm v. Horst*, 91 Fed. 345.

The next point made by the appellants is that this action could not properly be maintained because the question of the marketability of the Ashley property was not submitted to an attorney selected by the parties to the contract, whose opinion should be accepted as final and binding upon all of the parties, as provided in the provision of the contract above quoted. The appellant invokes the rule that where there is an agreement to submit to arbitration matters in dispute arising out of a contract, that without demanding or offering to arbitrate the matters in dispute, an action cannot be maintained upon the contract. The case of *Zindorf Construction Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374, is cited in support of this rule. But the rule is not applicable to the facts in this case. As we have seen above, the appellants elected to abandon the contract, and so notified the Ashleys and the plaintiff, and by so doing the

Ashleys were released from further performance or tender of performance on their part in the manner specified in the contract.

The judgment is affirmed.

MORRIS, C. J., ELLIS, and CROW, JJ., concur.