Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of WILLIAM B. COLEMAN, Claimant, for Compensation under the Workmen's Compensation Law, *v.* A. D. BARTHOLOMEW, Employer.

Third Department, November 15, 1916.

Workmen's Compensation Law — hazardous employment — employment by farmer of neighbor to make repairs to barn — "farm laborers" defined.

Where a farmer employed a neighbor who occupied an adjoining farm and often took odd jobs for repair work to make some repairs to his dairy barn, and said employee was injured by the collapse of staging used while placing slate on the roof, the employer was not at the time of the injury engaged in a hazardous employment within the meaning of the Workmen's Compensation Law, because, *first*, the employer was not engaged in structural carpentry, roofing or the construction and repair of buildings for pecuniary gain, and, *second*, the employee was a "farm laborer."

The fact that the employment was only temporary, for the particular job, is immaterial.

"Farm laborers," within the meaning of the Workmen's Compensation Law, defined.

CERTIFICATION by the State Industrial Commission to the Appellate Division under section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41)* of the following question: " Was the employer at the time of the injury engaged in a hazardous employment within the meaning of the Workmen's Compensation Law ? "

*John A. Delehanty,* for the claimant.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy Attorney-General, Robert W. Bonynge* of counsel], for the State Industrial Commission.

*Joseph B. McCormick,* for the employer.

HOWARD, J.:

The employer, in this instance, was a lawyer actually practicing his profession and maintaining a law office at Whitehall, N. Y. He was also a farmer engaged in managing and carry-

---

* Since amd. by Laws of 1916, chap. 622.—[REP.

ing on farms. The Commission has found as a conclusion of fact that "On November 14, 1914, the day when William B. Coleman received his injuries, he resided at Whitehall, N. Y., and was in the employ of A. D. Bartholomew, also of Whitehall, N. Y. Said Bartholomew owned and conducted a farm at Whitehall, N. Y. On said date Bartholomew was having some repairs made to his dairy barn and had employed Coleman and one Frank Morse to do the repairs. Coleman's regular occupation was farm labor and he lived on an adjoining farm, and also took odd jobs for repair work on farms such as he could get. In this particular instance he was to receive $2.50 per day for his work. On said date while William B. Coleman was working on the said barn and was on a staging which he had erected in order to be able to put slate on the roof of the barn, the staging gave way and Coleman was precipitated to the ground, a distance of about twelve (12) feet, causing injuries to Coleman." The claimant contends that the defendant was engaged in a hazardous employment and that the case falls within group 42 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) which enumerates, among other employments, "structural carpentry," "roofing," "construction, repair and demolition of buildings." The Commission at first made the claimant an award; subsequently, upon application of the employer, the case was reopened, the award canceled and the following question certified to this court for consideration: "Was the employer at the time of the injury engaged in a hazardous employment within the meaning of the Workmen's Compensation Law?"

This question should be answered "No" for two reasons. *First*, because the employer was not engaged in structural carpentry, roofing or the construction and repair of buildings for *pecuniary gain*. We consider this question absolutely and finally disposed of by the determination of this court and the Court of Appeals in *Matter of Bargey* v. *Massaro Macaroni Company* (170 App. Div. 103; 218 N. Y. 410). Inasmuch as we have discussed the subject somewhat in *Matter of Schmidt* v. *Berger* (175 App. Div. 957), handed down herewith, we deem it unnecessary to further discuss it here.

The question certified should be answered " No " for the further reason that the claimant was a " farm laborer." It was the clear intent of the Legislature to exclude farm laborers from the benefits of the Workmen's Compensation Law and it only remains for us to define " farm laborers." (See § 3, subd. 4.) The common hired man on a farm is required to perform a great variety of work. His duties are not confined to plowing, planting and harvesting. Tilling the soil and garnering the crops may be the principal work of the farm laborer but they are by no means his exclusive work. All the multifarious work of operating a farm must be done by somebody; and who is to do it except the farm laborer? It is, of course, necessary to keep the farm machinery in repair — the reapers, mowers, corn harvesters, sulky plows, wagons, harnesses, etc. It is just as necessary to keep the farm buildings in repair, and occasionally to make small additions to them. This is a part of the routine work of the farm laborer; just as much so as milking the cows, cleaning off the horses, building fences, putting a new point on a plow, doctoring a sick horse, butchering the hogs, greasing the wagons, assisting the threshers, driving the team to market and innumerable other familiar duties. Is the hired man who pounds his finger while shingling the pigpen any the less a " farm laborer " than when he pounds his finger while building a fence? It is the duty of the farm laborer to build a load of hay; it is likewise his duty to help shingle the barn to protect the hay from the elements. Both processes are necessary in order to preserve the hay. Both are essentially within the scope of the duties of the farm laborer and it makes no difference, in principle, whether he breaks his leg by falling from the roof of the barn or the load of hay. Many of the employments on the farm are as hazardous in fact as shingling a roof. Breaking a fractious colt, for instance; handling an ugly bull; ringing an adult boar; harnessing a vicious horse. But all these are incidents which go with the work of the farm laborer, although they are not, strictly speaking, the process of tilling the soil.

The fact that the claimant in this case was employed only temporarily for this particular job signifies nothing. The

same exemption applies to the day laborer on the farm as to the man employed by the month or year.

The question which has been certified to us is answered "No," and the matter remitted to the Commission for further consideration.

All concurred.

Question certified answered in the negative.