Argued December 11, 1935; affirmed January 21; rehearing denied February 11, 1936.

## ANDERSON *v.* HARTFORD ACCIDENT & INDEMNITY CO.

(53 P. (2d) 710, 54 P. (2d) 1212)

*Gunther F. Krause,* of Portland, for appellant.

*Clarence D. Phillips,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for respondent.

BAILEY, J. On July 20, 1932, the plaintiff, while employed by Hudson-Duncan & Co. (hereinafter to be mentioned as the Hudson company), in the state of Oregon and in the course of such employment, was injured. At that time neither he nor the Hudson company was subject to the Oregon Workmen's Compensa-

tion Act. However, there was then in force covering the Hudson company a standard workmen's compensation and employer's liability policy of insurance which prior to the date of the accident had been issued to the Hudson company by the defendant.

The policy provided, among other things, as follows:

"This is a contract between the company and this employer for the benefit of any employee covered by this policy who receives an injury for which he would be entitled to compensation under the provisions of such law if this employer were subject thereto. It is the purpose hereof to provide voluntarily such compensation to such injured employee who will accept it in lieu of all other claims or demands because of such injury."

It is further stated therein that the provisions of the Oregon Workmen's Compensation law "shall be and remain a part of this contract as fully and completely as if written herein, as a measure of the compensation or other benefits for any personal injury or death covered by this policy while this policy shall remain in force," and that the insurance company shall "pay promptly and voluntarily to any person who would have been entitled thereto if this employer were subject to such law, and in full compliance with the provisions of such law, in the manner therein provided, the entire amount of any sum payable, and all installments thereof as they become payable".

The policy outlines the course of procedure to be followed in the event that compensation according to the suggested schedule is refused by the injured employee, and continues:

"If such injured employee or his dependents accept the first payment on account of compensation, he or they shall at that time execute a general release relieving this employer and the company from all further obligation because of such injury, except the obligation

for compensation in manner and form as agreed. The company shall continue the payment of the installments of compensation as the law provides until such time as disability shall cease or other conditions shall arise which according to the provisions of such law would operate to terminate the payments of compensation. If compensation payments are to be terminated for the reason that disability has ceased, and the injured employee and the company can not agree with respect to the date upon which such payments shall terminate, then the question shall be submitted to medical arbitrators.''

The policy of insurance then specifies how the arbitrators shall be appointed, and states that the findings of the majority thereof ''shall be final as respects the termination of disability''.

On July 27, 1932, there was executed by the plaintiff and the defendant herein the following document which, omitting the date and the signatures of the parties thereto, is as follows:

''Receipt and Release.

''This agreement, made and entered into between Hudson Duncan Co. and the Hartford Accident and Indemnity Company, a corporation, of Hartford, Connecticut, and A. W. Anderson of . . .

''Whereas, on or about the 20th day of July, 1932, A. W. Anderson was injured while working in the course of his employment with Hudson Duncan Company said injury arising out of said employment with Hudson Duncan Company and

''Whereas, the Hartford Accident and Indemnity Company issued an Employer's Liability Policy with a Voluntary Workmen's Compensation Endorsement attached thereto, to the said Hudson Duncan Company and it was in force at the time of said accident;

''Now, therefore, I, A. W. Anderson, the injured party above mentioned, in consideration of the Hartford Accident and Indemnity Company paying me all of the benefits of the Workmen's Compensation Act

of the State of Oregon, in force at the time of the accident above mentioned, hereby release and forever discharge the Hudson Duncan Company, the Employer, from any and all claims that I may have by reason of said accident, in law or in equity, and waive any right I may have of filing any suits to recover damages against the Hudson Duncan Company, Employer, or the Hartford Accident and Indemnity Company, in the regularly constituted courts of the State of Oregon, or in the courts of any other State or of the United States."

After signing the foregoing document the defendant made weekly payments of $9.54 to the plaintiff in accordance with the schedule of the Oregon Workmen's Compensation law, up to and including August 27, 1932, amounting to a total of $52.47 in compensation. In addition thereto the defendant paid on behalf of the plaintiff $33.90 for X-rays, dental work, prescriptions and medical services.

On August 24, 1932, the plaintiff signed a document designated as a release and settlement of claim, in which the above amounts were itemized and it was recited that in consideration of the payment of said amounts to the plaintiff by the Hudson company, the plaintiff released and discharged the said company "from any and all actions, causes of action, claims and demands, damages, costs, loss of services, expenses, and compensation on account of and in any way growing out of any and all known and unknown personal injuries . . . resulting or to result from" the accident which plaintiff sustained on July 20, 1932. This instrument contained no reference to the defendant.

Early in May, 1933, the plaintiff instituted this action to recover from the defendant the amount to which he would have been entitled under the Workmen's Compensation law for total disability from August 27,

1932, when payments to him by defendant were discontinued, to the date of the filing of his complaint, at the rate of 53 per cent of the daily wage earned by him at the time of the accident. He also sought to recover on the same basis for a further period of six months' total disability, claiming that his injury would incapacitate him for that length of time. From a judgment in favor of the defendant this appeal is prosecuted.

■ The appellant contends (although apparently contrary to the allegations of his complaint) that the document hereinabove quoted, designated "receipt and release", constitutes, independently of the provisions of the insurance policy, an agreement by the defendant to pay to him during his total disability the scheduled compensation specified in the Workmen's Compensation Act. He further argues that the provisions of the policy of insurance issued by the defendant to the Hudson company are not incorporated in and made a part of that contract between himself and the defendant.

Considered alone and without reference to the policy, there is nothing embodied in the "receipt and release" obligating the defendant to pay to the plaintiff any sum whatever. It contains no promise on the part of the insurance company to pay to the plaintiff "all the benefits of the workmen's compensation act of the state of Oregon, in force at the time of the accident" mentioned in the complaint. There is included in its terms the agreement by Anderson that in consideration of the insurance company's paying him certain compensation, he releases his employer from liability for injuries suffered by him. This is in the nature of a unilateral contract. When the "receipt and release" is construed with reference to the provisions of the insurance policy we find a complete contract between the plaintiff and the defendant whereby the plaintiff

agrees to accept from the defendant, and the defendant agrees to pay to the plaintiff, ''all the benefits of the workmen's compensation act of the state of Oregon, in force at the time of the accident'' in satisfaction of any and all claims which the plaintiff might have against the Hudson company for injuries suffered by him while in its employ.

■ In accepting the view that the provisions of the insurance policy as to payment of benefits became a part of the contract between the plaintiff and the defendant, the provision of the policy as to arbitration is not to be disregarded, and it should be borne in mind that compliance therewith is as essential as the observance of any other term or condition of the agreement.

The principal question here in dispute is whether the plaintiff's disability actually had ceased on August 27, 1932, on which date compensation to him by the defendant was terminated. This was a matter to be decided by medical arbitrators, as provided in the policy of insurance, yet, according to the findings of the circuit court, no attempt was made by the plaintiff prior to the institution of this action to submit the question to arbitration. The determination of that matter by arbitration, or an offer by the plaintiff to arbitrate with refusal of such tender by the defendant, was a condition precedent to the maintenance of this action: *Herring-Hall-Marvin Safe Co. v. Purcell Safe Co.*, 81 Wash. 592 (142 P. 1153), 86 Wash. 694 (150 P. 1162) ; *Calhoun, Denny & Ewing v. Pederson*, 85 Wash. 630 (149 P. 25) ; *Ball v. Doud*, 26 Or. 14 (37 P. 70).

No error was committed by the circuit court and the judgment appealed from must therefore be affirmed.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.

Petition for rehearing denied February 11, 1936.

On Petition for Rehearing

(54 P. (2d) 1212)

BAILEY, J. The appellant here, plaintiff in the circuit court, in his petition for a rehearing calls attention to the fact that the trial court in deciding for the defendant found that no attempt was made by the plaintiff to have the question of the termination of his disability settled by arbitration, and further found that the release dated August 24, 1932, executed by the plaintiff, "and the acts, understandings and agreements of the parties in connection therewith", constituted a full and final settlement of plaintiff's claim and effected a complete release and discharge of the defendant.

Without questioning the soundness of our holding with reference to the finding of the trial court first above mentioned, the appellant suggests that inasmuch as the circuit court based its findings of fact and conclusions of law on the foregoing two propositions it might be understood that in affirming the judgment appealed from this court affirmed the circuit court on all questions decided by it in that case. However, we did not, in our former opinion, discuss or consider the effect of the release of August 24, 1932, for the reason that we held that it was a condition precedent to the maintenance of an action that the question of the termination of plaintiff's disability should first have been submitted or offered for submission to arbitration.

In affirming the judgment of the circuit court there was no intent on our part, nor is there now, to pass upon the effect of that release "and the acts, understandings and agreements of the parties in connection

therewith'', for the reason that the plaintiff had not complied with the provision of the contract which was a condition precedent to his maintaining any action thereon against the defendant.

The petition for a rehearing is denied.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.