MARIE SULLIVAN, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF DANIEL W. SULLIVAN, DECEASED, PETITIONER, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA AND HONORABLE GRANT L. BOWEN, DISTRICT JUDGE, RESPONDENTS.

No. 4150

November 18, 1958.                    331 P.2d 602.

*Vargas, Dillon and Bartlett* and *Alexander A. Garroway*, of Reno, for Petitioner.

*Eli Livierato*, of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

Petitioner seeks a writ of prohibition commanding respondent court and judge to refrain from proceeding further with the trial of a pending action. The action is one for personal injuries brought against petitioner by an injured employee of petitioner's testator, Daniel W. Sullivan.

Petitioner contends that respondents are without jurisdiction to entertain such action since under Ch. 616 NRS the exclusive remedy available to the plaintiff in

that action is through industrial insurance. This contention was presented by petitioner to respondent court upon motion to dismiss the action and was rejected by the court. Petition for writ of prohibition was then filed with this court and an alternative writ was issued.

The sole question before us is whether under the provisions of Ch. 616 NRS the plaintiff below is covered by industrial insurance. Respondents contend that, since Sullivan had failed to file a payroll or pay premiums as provided by Ch. 616, the provisions of that chapter have been rejected and an action at law is available to an injured employee.

Petitioner first contends that Sullivan could not have rejected the provisions of Ch. 616 since rejection is not permitted. NRS 616.285 provides that as to employers of two or more employees the provisions of the chapter "shall be conclusive, compulsory and obligatory upon both employer and employee." The same provision is carried into NRS 616.370.

Petitioner further points to the history of this chapter. Originally the provisions of the industrial insurance act were voluntary. If an employer was to accept the provisions of the act it was necessary for him to notify the industrial commission in writing to this effect. Sec. 2680 NCL 1929. This requirement was eliminated by repeal of that section in 1947 and the compulsory provision was added.

Notwithstanding this amendment NRS 616.305 today provides, "Where the employer, as provided by this chapter, has given notice of an election to accept the terms of this chapter * * * the employer *shall provide and secure * * * compensation* in the manner provided by this chapter for all personal injuries sustained arising out of and in the course of the employment." (Emphasis supplied.) The section further provides, "Failure on the part of any employer to pay all the premiums as required by the provisions of this chapter shall operate as a rejection of the terms of this chapter." NRS 616.400 requires the furnishing of a true and accurate payroll and provides, "Failure on the part of any such employer to

comply with the provisions of this section * * * shall operate as a rejection of this chapter * * *."

NRS 616.630 provides in part, "If any employer within the provisions of NRS 616.285 shall fail to *provide and secure compensation* under the terms of this chapter, he shall be guilty of a misdemeanor * * *." (Emphasis supplied.)

More significantly as to this proceeding NRS 616.375 provides in part, "If any employer within the provisions of NRS 616.285 fails to *provide and secure compensation* under this chapter, any injured employee or his dependents may bring an action at law against such employer for damages as if this chapter did not apply." (Emphasis supplied.)

Notwithstanding the "compulsory" aspect of the chapter it still remains for the employer to act in order to "provide and secure compensation." While he has no right to reject the terms of the act, as a practical matter he has that power. Should he fail to act, he may well suffer the consequences provided by the chapter, but the fact remains that industrial insurance has not been provided and an action at law against the employer is available to the employee. While the precise nature of the necessary action on the part of the employer may not be clear from the language of the statute, it would seem clear that at least the filing of payrolls and the payment of premiums is contemplated. We therefore reject petitioner's first contention.

Petitioner next contends that Sullivan had accepted the act and had provided and secured compensation.

At the time of the accident involved, Sullivan employed three domestic servants and two nurses of whom the injured employee was one. It is alleged and admitted in the pleadings that the nurses were employees of Sullivan and that the compulsory aspect of the chapter applied as to them. NRS 616.055. Domestic servants are expressly excluded from that statutory application, however. NRS 616.060 provides, in part,

" 'Employee' excludes &ast; &ast; &ast; any person engaged in household domestic service &ast; &ast; &ast;."

Under the provisions of NRS 616.315 an employer of domestic servants may voluntarily elect to come under the provisions of the chapter as to them. This Sullivan had done as to the three domestic servants in his employ although no action had been taken by him as to the two nurses. Relying upon Industrial Commission v. Peck, 69 Nev. 1, 239 P.2d 244, petitioner contends that the acceptance of the chapter by Sullivan as to his domestic servants constituted an acceptance of the chapter as to all of his employees.

In the Peck case we held that an employer's acceptance of the industrial insurance act on behalf of certain employees constituted an acceptance on behalf of all, whether the employees in question had been reported to the industrial commission or not and whether premiums had been paid on their behalf or not and regardless of the classification of the employees. We held that the act did not contemplate that as to employees there could be a partial acceptance. We recognized, however, that the acceptance of the act as to employees would not constitute an acceptance as to persons expressly excluded from the act's definition of employees.

So under the Peck holding, action by an employer providing compensation for his "employees" (as that term is defined by statute) but neglecting his domestic servants could not constitute an election to bring domestic servants under the provisions of the chapter. An express election in that respect is contemplated and independent action is necessary. Campos v. Garden City Company, 166 Kan. 352, 201 P.2d 1017.

The converse, then, would also be true. An election to bring in domestic servants cannot by itself constitute provision for the coverage of "employees" (as defined by statute). Independent action on behalf of the "employees" must be taken in order that compensation may be provided and secured in their behalf.

We conclude that upon the record no showing has

been made that the plaintiff in the action below is covered by industrial insurance. Petitioner has, then, failed to establish lack of jurisdiction in these respondents to proceed with that action.

Writ denied and proceedings dismissed.

BADT, C. J., and EATHER, J., concur.