**ZURICH INSURANCE COMPANY, a Corporation, and Mack Trucks, Inc., a Corporation, Appellants,**

v.

**Robert SIGOURNEY, Appellee.**

**No. 16539.**

United States Court of Appeals Ninth Circuit.

May 9, 1960.

On Motion for Allowance of Attorney's Fees June 2, 1960.

Mautz, Souther, Spaulding, Kinsey & Williamson, Kenneth E. Roberts, Portland, Or., for appellant.

Hutchinson, Schwab & Burdick, Denton G. Burdick, Jr., Dwight L. Schwab, Portland, Or., for appellee.

Before MAGRUDER, HAMLIN and MERRILL, Circuit Judges.

MAGRUDER, Circuit Judge.

The present appeal is brought by Mack Trucks, Inc., and Zurich Insurance Company from a judgment entered April 20, 1959, by the United States District Court for the District of Oregon, declaring that appellee, Robert Sigourney, who had been an employee of appellant Mack Trucks, Inc., was entitled to continuing payments so long as a total disability remained, in an amount equal to the compensation and other benefits which would have been payable under the Oregon Workmen's Compensation Act, ORS 656.002 et seq., had the plaintiff and Mack Trucks, Inc., been subject thereto, and giving judgment against the insurance company in the amount of $3223.38 as compensation past due to Sigourney, who was the direct beneficiary of a so-called voluntary compensation endorsement to a policy of insurance issued by Zurich Insurance Company to Mack Trucks, Inc. In addition to that, judgment was given against the insurance company for an amount of reasonable attorneys' fees.

There seems to be no doubt that appellee Sigourney is now totally disabled from a disease known as coccidioidomycosis—called on the West Coast "San Joaquin Valley Fever," since it is endemic to that area of California. The jury found in answer to a special interrogatory that this disease arose out of and in the course of Sigourney's employment by Mack Trucks, Inc., between June 27 and August 26, 1955. During that period Sigourney worked underneath a Mack truck adjusting springs and repairing the transmission. The truck had been driven through the endemic area. Sigourney's necessary hammering under the truck loosened some dust which he must have inhaled. It was in evidence that fungus spores of the disease originate in the soil and that the disease can be contracted only by the inhaling of spores, which have been known to be carried to distant areas on dusty objects.

■ There is really no point in discussing all the cases cited by the parties on the sufficiency of the evidence to establish what the jury found in its special verdict. None of the cited cases is factually in point, and all are really distinguishable. There was ample evidence offered by appellee to justify the jury's verdict, whether that evidence has to be sufficient according to Oregon standards or according to federal standards (see Metropolitan Coal Co. v. Johnson, 1 Cir., 1959, 265 F.2d 173, 182).

■ Jurisdiction of the district court was properly based upon diversity of citizenship. Appellee Sigourney is a citizen and resident of the State of Oregon. Appellant Mack Trucks, Inc., is an Illinois corporation, and appellant Zurich Insurance Company is a Swiss corporation.

The Oregon Workmen's Compensation Act is said to be "voluntary" on the part of the employer, that is, the employer does not come under the Act if he formally rejects such coverage, but if he does so reject the Act, his liability to his employees is to be determined by the common law minus certain defenses theretofore available to employers. Mack Trucks, Inc., elected to reject the Oregon Workmen's Compensation Act. Nevertheless, to protect its employees as fully as though the employer were under the Act, and to obviate any hazards of personal liability at common law, Mack Trucks, Inc., deemed it expedient to obtain from the insurance company a so-called voluntary compensation endorsement reading as follows:

"* * * Coverage C—Voluntary Compensation. To pay on behalf of the insured, if any employee within a group of employees hereinbefore described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, an amount equal to the compensation and other benefits which would have been payable under the workmen's compensation law hereinbefore designated for such group of employees had the injured employee and the insured been subject to such law with respect to such employment.

"2. The policy does not apply under coverage C to injury or death which gives rise to a valid claim under any workmen's compensation or occupational disease law.

\* \* \* \* \* \*

"4. The benefits payable under coverage C on account of such injury shall be paid to such person or persons as would have been entitled thereto under the designated workmen's compensation law \* \* \*."

■■ We think it is unnecessary for the employee to establish, in order to recover from the insurance company under coverage C, that he has suffered an injury which would have been compensable under the Oregon Workmen's Compensation Act had the employer elected to come under that Act. Bearing in mind that any ambiguity in the language of an insurance contract is to be construed against the insurer (Roberts v. Union Insurance Society of Canton, Ltd., 1958, 215 Or. 183, 332 P.2d 600), the word "injury" in the above-quoted coverage C is not to be considered as being modified by the clause referring to the compensation law; the word "injury" is limited only by the phrase "while employed by the insured", so that all injuries incurred in the course of employment, for which the employer may be potentially liable under the common law, are directly compensable by the insurance company under coverage C in an amount equal to the scale of compensation that would have been payable had the workmen's compensation law been applicable. See, accord, Howard v. Hollahan, 1935, 182 Wash. 693, 48 P.2d 230. In Anderson v. Hartford Accident & Indemnity Co., 1936, 152 Or. 505, 53 P.2d 710, 711, 54 P.2d 1212, the language of the voluntary compensation endorsement was quite different, and specifically called for compensation in case the employee suffered an injury "for which he would be entitled to compensation under the provisions of such law".

■ We are also prepared to hold, if necessary, that Sigourney here did receive an injury which would have been compensable under the Oregon Workmen's Compensation Act had Mack Trucks, Inc., elected to come under the Act. In that connection, the case of Banister v. State Industrial Accident Comm., 1933, 142 Or. 97, 19 P.2d 403, 404, is directly in point. The Oregon statute O.C.1930, §§ 49–1814, 49–1827, provides compensation to a workman who sustains a personal injury "by accident arising out of and in the course of his employment, caused by violent or external means". (Emphasis added.) We do not understand why appellants often choose to change the statutory language so as to substitute for the italicized word "or" the word "and". In the Banister case, the employee had contracted poison oak by reason of contact with that toxic plant in the course of his employment; it was held that the resulting disease was a "personal injury" which was contracted by an "accident" caused by "external means", within the meaning of the Oregon statute. In that case it was not necessary under the statute that the disease must also have been caused by "violent" means.

A judgment will be entered affirming the judgment of the District Court.

On Motion for Allowance of Attorney's Fees

PER CURIAM.

Since we entered our judgment affirming the judgment of the district court, appellee filed a motion in this court for an additional allowance of the sum of $2500 as a reasonable attorney's fee in connection with this appeal. Appellants have filed an objection to the granting of the motion. They assert that the statutory provisions of ORS 736.325, authorizing the imposition of a reasonable attorney's fee, are inapplicable to the case at bar; furthermore, that the sum requested of $2500 is unreasonable in view of the additional services which counsel for appellee rendered on appeal.

In our previous opinion we mentioned in passing that the judgment of the dis-

trict court included an allowance against the insurance company for an amount deemed to be a reasonable attorney's fee at the trial level. Though appellants objected to this portion of the judgment as one of their points on appeal, we thought it was unnecessary to discuss the point, and the judgment which we rendered affirmed in its entirety the judgment under review.

■ Appellants assert that they were entitled to litigate in good faith the issues involved, and that upon losing the litigation they ought not to be penalized by the addition of an allowance for counsel fees. This argument was specifically adverted to by the Supreme Court of Oregon in Hagey v. Massachusetts Bonding & Insurance Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346, 347. In that case the court stated:

> "We share in the view that the appellant could properly believe that it was entitled to a determination by this court of its liability. We are satisfied that it was prompted by no improper motives. But we do not believe that the aforementioned statute is penal in nature. If it must be defined or classified, we would term it compensatory."

The court thereupon affirmed so much of the trial court's judgment as awarded a certain counsel fee to the appellee as not being unreasonable under the circumstances. It is clear that where the trial court has power to allow an attorney's fee in connection with the trial, the appellate court also has statutory authority to make an allowance, reasonable in amount, to cover the services rendered in defending an appeal. We think in the circumstances that counsel for the appellee are entitled to no more than $1500 as a reasonable attorney's fee in connection with services rendered on the appeal.

An order will be entered modifying the judgment previously rendered in this case by adding thereto an allowance of $1500 to appellee as a reasonable attorney's fee on appeal.