ALLSTATE INSURANCE COMPANY, Appellant, v. FRANK KABES et al., Respondents.— Appeal by plaintiff from an order and judgment of the Supreme Court which denied plaintiff's motion for judgment and granted judgment for defendants. Plaintiff brought this action for a declaratory judgment that it was not required to defend an action brought by defendant Wilson against defendant Kabes for personal injuries and that plaintiff was not liable under an insurance policy issued by it to Kabes for any judgment which might be obtained by Wilson against Kabes. Plaintiff issued a "Farmers Comprehensive Personal Liability" policy to Kabes which was in effect when Wilson was injured while employed by Kabes. The policy contained an exclusion clause which excluded liability for bodily injury to an employee of the insured "if any benefits therefor are payable or required to be provided under any workmen's compensation law or are payable under a policy providing workmen's compensation benefits". Kabes carried no workmen's compensation insurance. The question presented then is whether, under the undisputed facts in this case, benefits under the Workmen's Compensation Law were "required to be provided under any workmen's compensation law". In turn, the answer to that question depends upon whether or not Wilson was a "farm laborer", because since the inception of the Workmen's Compensation Law a "farm laborer" has been exempt from coverage. (Workmen's Compensation Law, § 2, subd. 4.) Kabes and his wife owned a dairy and vegetable farm. Kabes' sole occupation was the operation of this farm. Wilson was also a farmer who did occasional work as a carpenter, mostly for neighboring farmers. Kabes employed Wilson as an hourly laborer, working under Kabes' supervision, to assist in constructing a barn on Kabes' farm to replace one which had burned. While working on the barn Wilson was injured. Was he a "farm laborer" within the meaning of the Workmen's Compensation Law? We think he was. This case is very closely analogous to *Coleman v. Bartholomew* (175 App. Div. 122). Although *Coleman* is an old case, it is still the established rule in New York, and is logical and sound. The Workmen's Compensation Law does not define "farm laborer". It does not limit the term by the type or nature of the work being done or confine the term to tilling the soil or caring for livestock or any other specified work. Consequently, when an hourly laborer is employed by a genuine farmer, carrying on actual productive farming, to perform labor of any kind necessary for the continued operation of the farm, and the labor is performed on the farm, he is a farm laborer. Such was the case here. Replacing the burned barn was as essential to the operation of the farm as cutting the hay or planting the corn. Wilson was working on an essential farm operation, on a farm for a farmer employer. There is no legal requirement that anything further be shown. As pointed out in *Coleman*, the work of operating a farm involves "multifarious" kinds of work — all essential to the operation. It is unrealistic to apply a test dependent upon the particular thing the employee was doing at the moment. Neither is it of any consequence that the employee was hired temporarily for the particular job. "The same exemption applies to the day laborer on the farm as to the man employed by the month or year." (*Coleman v. Bartholomew*, 175 App. Div. 122, 124–125.) Order and judgment unanimously affirmed, with costs to respondents. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.