**HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Plaintiff,**

v.

**Herman DENNLER and Albert P. Schaefer, Defendants.**

**No. 1889N.**

United States District Court
D. Nevada.

Dec. 14, 1966.

---

Leslie A. Leggett, Reno, Nev., for plaintiff.

Vargas, Dillon, Bartlett & Dixon, Reno, Nev., for defendant, Herman Dennler.

Peter Echeverria, Reno, Nev., and Roland Belanger, Lovelock, Nev., for defendant, Albert P. Schaefer.

## OPINION AND DECISION

THOMPSON, District Judge.

Schaefer was injured while in Dennler's employ and brought suit for damages in the Sixth Judicial District Court of the State of Nevada, in and for the County of Pershing. Hartford is the insurer under a policy of casualty insurance in effect at the date of the injury which includes a "Farms Endorsement" insuring Dennler against "all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any farm employee", *excluding* "bodily injury to * * * any farm employee arising out of and in the course of his employment if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law." The policy includes customary provisions for defense of actions by the insurer arising out of covered claims against the insured.

Hartford has brought this action for declaratory and injunctive relief, seek-

ing an interpretation of the insurance policy and a declaration of whether it is required to defend the Pershing County action by Schaefer against Dennler. The case came before the Court on a hearing on the motion for preliminary injunction, and, by stipulation, the hearing was converted into the final trial on the merits. The parties do not oppose a declaration by this Court of the rights and liabilities of Hartford and Dennler under the insurance policy. Each proposes an interpretation of the policy which he presently believes will best promote his own interests, Dennler contending that he is indemnified by the terms of the policy as a person not required to provide benefits under the Nevada Industrial Insurance Act; Hartford contending that Schaefer was not a farm employee within the terms of the policy and not a person "engaged in * * * farm, dairy, agricultural or horticultural labor" (N.R.S. 616.060) within the exclusion in the Nevada Industrial Insurance Act; and Schaefer also contending that he was not within the statutory exclusion of farm employees.

The evidence shows that Dennler owns a 1,500 acre grain and alfalfa farm in Pershing County, that he employed Schaefer in January, 1966, and that Schaefer slipped and fell from the roof of the farmhouse on January 8, 1966 while he was engaged in carrying bundles of shingles to a carpenter who was reshingling the roof. Lurking in Schaefer's position, that he was not then engaged in farm or agricultural labor within the statutory exclusion in the Industrial Insurance Act, an issue posed by the state court pleadings, is the hope that this Court will so construe the Nevada law and solve this issue for the state court, thus defining the course of action in the state court, for, if we should find him to be a non-farm employee and a covered workman under the statutory definitions (N.R.S. 616.055, 616.060), the employer having rejected the Act, the employer's neg-

ligence would be presumed and the common law defenses of assumption of risk, negligence of a fellow servant, and contributory negligence would be eliminated (N.R.S. 616.300), while if we should classify him as an excluded "farm" employee under the Act, his state court action would proceed as at common law.

■ We are not disposed to so extend our holding in this case. These are properly matters for determination by the state courts in the first instance in interpretation of state law, and due consideration for the relationship of federal and state courts suggests that our decision should be restricted to the narrowest issue upon which the instant litigation may be effectively determined.

Our prime task is to interpret the insurance policy and we will allude to state law only to the limited extent necessary to accomplish this.

■ Insurance policies are liberally construed in favor of the insured. "If, on the face of the writing, there is room for construction or doubt, the benefit of the doubt must be given to the assured. It has been well said that such clauses in a policy should be so framed that he who runs can read." Gerhauser v. N. B. & M. Ins. Co., 7 Nev. 174. See also: Smith v. North American Acc. Ins. Co., 46 Nev. 30, 205 P. 801; Intercoast Mutual Life Insurance Co. v. Anderson, 75 Nev. 457, 345 P.2d 762, 75 A.L.R.2d 870.

In Couch on Insurance 2nd, Vol. 1, p. 782, Section 15:73, the author states:

"A better statement is that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable, constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured."

The instant policy insures Dennler on account of liability for bodily injury sustained by any "farm employee."

Broadly interpreted, this language includes all persons employed by Dennler on the farm regardless of the particular nature of the task the employee was performing when injured.

■ The obvious object of the instant insurance coverage written as a "Farms Endorsement" on Dennler's Comprehensive General Automobile Liability Policy was to indemnify the insured against loss for injury to an employee on his farm. Schaefer was such an employee. There is no indication in the policy of an intent to classify and to include or exclude employees on the basis of the kind of work they might be doing on the farm from time to time. Schaefer was a "farm employee" within the meaning of the policy. He was hired to work on the farm and was not there only incidentally or in connection with other employment at the time he was injured. "A compensation policy covering employees of the assured engaged in his business as a farmer covers injuries to a handyman on the farm engaged in altering a farm building." Couch on Insurance 2nd, Vol. 11, p. 594, § 44:108. Decisions construing the farm or agricultural exclusion under workmen's compensation laws also support this result. Allstate Insurance Company v. Kabes, 17 A.D.2d 1015, 233 N.Y.S.2d 806; Miller & Lux, Inc. v. Industrial Accident Commission, 179 Cal. 764, 178 P. 960, 7 A.L.R. 1291; Coleman v. Bartholomew, 175 App.Div. 122, 161 N.Y.S. 560.

■ The insurance policy excludes from coverage "bodily injury * * * of any farm employee * * * if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law." It is conceded that no benefits are payable to Schaefer under the Nevada Industrial Insurance Act, either because he is an excluded farm or agricultural workman, or because the employer rejected the Act.

The obvious intent of the exclusionary clause is to avoid double indemnity, i. e., employees covered by workmen's compensation insurance are not covered by the insurance policy. Hartford contends for an interpretation of the policy which would leave the employer without insurance protection with respect to Schaefer's injuries. The argument is that in this situation, benefits were "required to be provided" under the Nevada Industrial Insurance Act because Schaefer was not engaged in "farm, dairy, agricultural or horticultural labor" (N.R.S. 616.060) and there were at least two such employees then under hire to Dennler (N.R.S. 616.290).

"In accord with the general standard of giving effect to the purpose of the contract, the rule is that provisos, exceptions, or exemptions, and words of limitation in the nature of an exception, are strictly construed against the insurer, where they are of uncertain import or reasonably susceptible of double construction." Couch on Insurance 2nd, Vol. 1, p. 835, § 15:92.

■ Applying this principle, and having in mind the purpose of the Farms Endorsement to assure coverage of the farm employees, it is reasonable to construe the words "required to be provided" to mean absolutely required or guaranteed. True, the Nevada Industrial Insurance Act is couched in terms of obligation and compulsion, but it is not in fact compulsory. The only truly compulsory workmen's compensation law is one which gives an injured employee a right of action against the insurance fund regardless of what the employer does or fails to do. Under the Nevada Act, as pointed out by the Nevada Supreme Court in Sullivan v. Second Judicial District Court, 74 Nev. 334, 331 P. 2d 602, the employer has it within his control to leave an employee bereft of compensation benefits. The Court said:

"Notwithstanding the 'compulsory' aspect of the chapter it still remains for the employer to act in order to 'provide and secure compensation.' While he has no right to reject the terms of the act, as a practical matter he has that power. Should he fail to act, he may well suffer the consequences pro-

**538**

vided by the chapter, but the fact remains that industrial insurance has not been provided and an action at law against the employer is available to the employee."

Inasmuch as benefits were not required to be provided to Schaefer under the Industrial Insurance Act, he does not fall within the exclusionary clause of the insurance policy. This is a situation where commercial insurance was purchased to fill the gaps in the employer's coverage under the state workmen's compensation law. The attitude we have followed in interpretation of the policy finds support in somewhat similar cases which have arisen under Oregon law. Zurich Insurance Co. v. Sigourney, 278 F.2d 826 (9 CCA 1960); Snook v. St. Paul Fire & Marine Insurance Co., 220 F.Supp. 314 (D.C.Or.1963).

Although we hold that Schaefer was a "farm employee" within the meaning of the insurance policy and that the exclusionary clause of the policy does not apply, we have made no finding with respect to Schaefer's status as a "person engaged in * * * farm, dairy, agricultural or horticultural labor" (N.R.S. 616.060) or whether Dennler was, on January 8, 1966, an employer of "two or more employees" (N.R.S. 616.285) within the proper interpretation of the Nevada Industrial Insurance Act.

The foregoing shall suffice as the Court's findings of fact and conclusions of law. F.R.Civ.P. 52(a).

It is ordered, adjudged and decreed that plaintiff, Hartford Accident & Indemnity Company, a corporation, is required by the terms of the policy of insurance issued to Herman Dennler to furnish Dennler with a defense of the civil action brought by Albert P. Schaefer as plaintiff against Herman Dennler as defendant in the Sixth Judicial District Court of the State of Nevada, in and for the County of Pershing, and to pay any judgment that may be rendered against Dennler in said action. Each party shall pay his own costs herein incurred.