### Veasey and Another *v.* Reeves and Another.

A note was made payable by the makers *when able.* In a suit against them upon the note, it was proved that when they made it they had a stock of goods worth 3,000 dollars.

*Held*, that the note matured so soon as the makers were able to pay it.

*Held*, also, that the evidence showed, *prima facie*, that they were able to pay the note as soon as it was given.

*Monday,
June 11.*

APPEAL from the *Vigo* Circuit Court.

Stuart, J.—*Veasey* and *Veasey* sued *Reeves* and *Reeves*, before a magistrate, on a note, and recovered 71 dollars and 30 cents. The defendants appealed to the Circuit Court. There, it seems, they were permitted to file answers and replies, which, having little bearing on the real issue, need not be noticed.

The trial on appeal was submitted to the Court. Finding and judgment for the defendants. The *Veaseys* appeal to this Court.

A motion for a new trial was interposed and overruled, and the evidence set out.

The note sued upon was in these words, viz.:

" *Terre-Haute, September* 10, 1852. $71 24. For value received, we promise to pay *Veasey & Co.* seventy-one dollars and twenty-four cents, when able, without any relief from valuation or appraisement laws. *Reeves & Co.*"

At that time the evidence shows the makers of the note had a stock of goods worth 3,000 dollars.

There was some other immaterial evidence offered by both parties, the exact bearing of which on the case we

do not readily see; but nothing to rebut the presumption of their ability to pay, raised by the amount of property which was shown to be in the possession of *Reeves & Co.*

The note was payable when the makers were able to pay. If at the moment the note was made they were able to pay, the very next moment the note had matured. It was a present liability, like a due bill. We think the possession of 3,000 dollars' worth of goods is ample evidence from which to infer their ability to pay; especially when there is nothing to repel that presumption. Such a fact threw on *Reeves & Co.* the burden of proving that notwithstanding these apparent means, yet such were their pecuniary affairs, that they were not able to pay. If any hardship in this respect flowed from the vagueness of the contract, it is to be taken most strongly against the makers of the note.

The defendants not having repelled the presumption raised, the plaintiffs were entitled to recover.

There is nothing in the objection that the suit was brought immediately when the note was made. Even if such had been the fact, the evidence shows that the action would not have been premature.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher* and *C. Y. Patterson*, for the appellants.

*T. H. Nelson*, for the appellees.