JOSHUA F. PEARL & another *vs.* JOHN F. HARRIS & others,

Essex.  Nov. 10. — Dec. 9, 1876.  COLT, DEVENS & LORD, JJ., absent.

An agreement to submit to arbitration, the effect of which is to oust the courts of jurisdiction, is invalid.

A bill in equity for an account of a copartnership, one of the articles of which provided for the submission of disputed matters to arbitration, need not allege a refusal to refer by the defendants; and the defendants cannot defeat the jurisdiction of the court by alleging that they are and have been willing to refer under the articles of copartnership.

BILL IN EQUITY alleging that the plaintiffs and defendants had been members of a copartnership, which was afterwards dissolved; that the defendant Harris was intrusted with the full settlement of the partnership affairs upon the dissolution thereof, and the whole property of the copartnership was placed in his hands, and that, in addition to the amount of property received by Harris upon the dissolution of the copartnership, he had collected and received large sums of money due the said partnership, and had distributed and paid over to the plaintiffs some portion of the moneys realized and collected by him from the assets of the partnership, but had also appropriated to his own use considerable portions thereof, of the amount of which the plaintiffs were ignorant, to satisfy certain pretended claims of his own against the partnership.

The bill further alleged "that they have from time to time requested the said John F. Harris to refer any matters of dispute between him and them, and any claims made by him upon the assets of said partnership, to the arbitrament provided in the tenth article of said copartnership agreement, [a copy of which is printed in the margin,*] they having offered to join in said

---

* "Article Tenth. All matters of dispute which may arise between any of the parties hereto relative to the division of profits or capital stock as afore-

arbitratioᴌ, and now being ready so to do, and they have also from time to time requested said John F. Harris to come to a full account of the said copartnership transactiᴐns, as in justice and equity he should have done."

The bill then alleged the refusal of Harris to account; and "that, by the refusal of Harris to account, they are unable to state his claims upon said partnership assets, so that they can proceed to submit them to arbitration without said Harris joining in the same as provided in said tenth article," to the great loss and injury of the plaintiffs and of the defendants John F. Harris, Jr., and Wesley Archer, who refused to join with them as plaintiffs in this suit.

The bill prayed that an account might be taken of all the partnership dealings and transactions between the plaintiffs and the defendants, and that what should appear to be due thereon from Harris might be decreed to be paid by him, and for such other decrees as justice might require.

---

said, or in relation to or connected with the business of said firm, or in relation to the settlement or adjustment of its affairs upon a dissolution thereof, or in respect to the rights of any of the parties hereto under the provisions or agreements herein contained, or in respect to any matters which may arise or grow out of any of said provisions or agreements, or out of the business of the firm or the manner of conducting the same, shall be submitted to the arbitrament and award of three disinterested persons, one to be chosen by the party to one side of the dispute and one to be chosen by the party to the other side of the dispute, and if either party to said dispute shall for the space of ten days, after notice in writing by the other party, neglect or refuse to choose an arbitrator as aforesaid, and make such choice known in writing to the other party, the arbitrator chosen by such other party may choose an arbitrator to act in the place and stead of the arbitrator above provided to be chosen by the party so neglecting or refusing, and the third arbitrator shall be chosen by the two chosen as aforesaid, and the award of said three arbitrators, or of a majority of them in case they cannot all agree, shall be final and binding upon the parties upon all the matters submitted to said arbitrators. Any award made as aforesaid may be pleaded or given in evidence in any action, suit or proceeding between the parties touching or involving the matter so referred. If any of the parties shall neglect to appear before such arbitrators, after due notice given of the time and place appointed for hearing, said arbitrators may proceed in the absence of such partv, and their award notwithstanding shall be final and binding. And it is expressly provided and agreed that the arbitrators shall, in making their award, be bound by the provisions in these articles contained, so far as they are applicable to the questions or any of the questions submitted."

The answer admitted the entering into the partnership, the dissolution thereof, and that Harris was intrusted with the settlement of its affairs ; denied that Harris had appropriated to his own use any of the assets of the partnership ; and alleged that Harris had always been ready to account with the plaintiffs, and proceeded as follows :

" These defendants also deny that they or either of them have ever refused to refer the matters in dispute between the plaintiffs and the defendants, and the claims of said John F. Harris against said copartnership, to the arbitrament provided in the tenth article of said articles of copartnership, and say that they have been at all times ready and willing so to refer them, and they deny that they or either of them have been requested by the complainants or either of them so to refer any matters in dispute as aforesaid.

" These defendants also say, that, in accordance with the provisions of said tenth of the articles of copartnership, they do insist that the matters and things alleged in said bill of complaint should be referred to arbitrators, as provided in said tenth article, and these defendants do appoint Jonas Fitch, of Boston, Massachusetts, as the arbitrator to be appointed by them pursuant to said article, and they are willing and ready, and hereby offer to refer all said matters and things in dispute as aforesaid to said arbitrators, to be appointed pursuant to said tenth article ; and they say that this court ought not to take jurisdiction over this bill of complaint, but that all said matters and things in dispute should be determined by said arbitrators."

A replication was filed, and the case was referred by an order of court to a master, to take an account of the partnership dealings between the plaintiffs and the defendants. The defendants appealed to the full court, and assigned the following reasons therefor : " 1. A master ought not to be appointed under the pleadings in the cause. 2. The parties ought to be left to proceed with the arbitration provided for in the articles of copartnership, as both in their pleadings allege a willingness to refer, and proceedings in this cause should be stayed until an award is had pursuant to said provision."

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the plaintiffs.

*W. A. Field*, for the defendants.

Morton, J. The defendants' appeal from the order of the court appointing a master can only be sustained upon the ground that the agreement in the articles of copartnership, to refer all disputed matters to arbitrators, ousts this court of jurisdiction. But it is well settled that an agreement to submit to arbitration will not be held valid, either in law or equity, when its effect is to oust the court of jurisdiction. *Wood* v. *Humphrey*, 114 Mass. 185. *Tobey* v. *County of Bristol*, 3 Story, 800.

The defendants insist that a court of equity ought not, in its discretion, to entertain the case, because the plaintiffs in their bill do not allege a refusal to refer on the part of the defendants, and the defendants in their answer deny any refusal, and allege that they are willing to refer. It was not necessary for the plaintiffs to allege that the defendants have refused to refer. By bringing their bill they have elected to resort to the jurisdiction of this court, and the defendants cannot defeat that jurisdiction by alleging that they are and have ever been willing to refer under the articles of copartnership. We need not decide whether the court might, in its discretion, decline to proceed in the case, if it appeared that the plaintiffs unreasonably refused to submit disputed matters to arbitration, because it does not appear in this case that there was such unreasonable refusal on the part of the plaintiffs. *Order affirmed.*