WESTERN WHEEL SCRAPER CO., Respondent, v. JOHN SPITCAUFSKY, Appellant.

Kansas City Court of Appeals, June 10, 1918.

CONTRACTS: Promise ''When Able:'' Validity: Burden of Proof. A promise to pay for property purchased "when able" is a valid contract and can only be enforced when the promisor has become able; and the burden is on the promisee to prove that fact.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

REVERSED AND REMANDED.

*S. A. Dew* for respondent.

*Gage, Ladd & Small* for appellant.

ELLISON, P. J.—Plaintiff's action is based on defendant's contract to pay it nine hundred dollars, alleged to be the purchase price of certain ''steel dump cars.'' The judgment in the trial court was for plaintiff for that amount.

It appears that a corporation, of which defendant was one of the principal members, had rented the cars with an agreement of some kind for purchase, at least the corporation seems to have had possession of the cars when it became embarrassed to the extent of bankruptcy. It seems to be conceded that nothing was consummated with the corporation and that the contract of sale upon which this action is based was made by plaintiff's agent with defendant personally.

199 M. A.—33.

The evidence showed that defendant's agreement to pay was somewhat out of the ordinary character of promise. According to the testimony of plaintiff's agent who made the sale, it was apparent that defendant could not pay cash, and so the terms of sale were, that he was to pay "when he earned it"—That "he was to pay for them when he was able." Plaintiff proved the promise, and then stopped short, without showing the condition had been fulfilled by defendant's having become able. We think he thereby failed to establish his case. [Work v. Beach, 22 N. Y. S. 12, 16; Veasey v. Reeves, 6 Ind. 406; Barnett v. Bullett, 11 Ind. 310; Eckler v. Galbreath, 75 Ky. 71; Mattocks v. Chadwick, 71 Maine, 313; Hallady v. Weeks, 127 Mich. 363; Baker v. Heath, 74 N. H. 270; Cook v. Weeks, 7 Hill 45; Scott v. Thornton, 104 Tenn. 547, 551; Tebo v. Robinson, 100 N. Y. 27.]

In the first of these cases the court said that, "By taking a conditional obligation, the condition itself being founded upon a valuable consideration, the obligee accepts the burden imposed upon him of establishing fulfillment of the condition before he can recover."

In the last case will be found some observations as to what would be considered ability to pay, but that is not a question in the present record.

There is a class of cases involving promissory notes, particularly those which are negotiable, in which certainty,. or uncertainty, in the terms of the promise is of importance in determining whether the contract fills the definition of a note. But the present case is not embarrassed by considerations of that character.

Plaintiff has endeavored to show that the agent in testifying to the terms of the contract, did not mean what we have stated he said. But we have no doubt as to that. He was asked plainly for the terms and he stated explicitly, and repeated, what they were. Furthermore, there was nothing inconsistent in his statement of those terms with other parts of his testimony.

The judgment will be reversed and the cause remanded. All concur.