EDNA S. PATTON *vs*. BABSON'S STATISTICAL ORGANIZATION, INCORPORATED.

Middlesex.    January 26, 1927. — May 19, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract*, Consideration, Validity, Construction, Profit sharing agreement of employment.    *Arbitrament and Award.*

A woman in 1919 entered the employ of a corporation called "Babson's Statistical Organization" as a dental hygienist for an indefinite term of

employment upon the basis of a profit sharing and deferred salary plan, as follows: "This plan applies only to the Babson Statistical Organization, and not to the Babson Institute, or the Babson Park . . . . The employees who have been with the Babson Statistical Organization two full calendar years, in addition to their fixed salaries, may receive one or more additional payments which shall be charged to the salary account . . . ." She was discharged by the president of the corporation in October, 1923. In an action for a portion of the deferred salary alleged to be due her for 1922 and for the whole of such salary alleged to be due for the year 1923, it was *held*, that

(1) It could have been found upon the evidence that the plaintiff continued in the defendant's employ relying on the promise to be paid the deferred salary, that the promise was founded upon a valid consideration, and that it was not a mere gratuity but a part of the contract of service;

(2) If a provision in the plan, "If any question arises as to the interpretation or application of any feature of the Plan, the decision of the President shall be final," was an agreement for arbitration, it was invalid;

(3) A provision in the plan, "Anyone leaving the employ of the Organization between December 31, 1922, and December 31, 1923, . . . shall forfeit all claim to any of the above funds," had no application to the plaintiff, who was discharged in October, 1923; and therefore a finding for the plaintiff in the amount of the deferred salary for 1923 was warranted;

(4) It appearing that the portion of "deferred salary" which the plaintiff was claiming for the year 1922 represented work done by her for the Babson Institute, she could not recover such item under the provisions of the plan.

CONTRACT for one third of a "deferred salary" alleged still to be due the plaintiff under a contract of employment by the defendant for the year 1922, referred to in the opinion as "Item 1," and for the whole amount of "deferred salary" for the year 1923, referred to in the opinion as "Item 2." Writ dated February 6, 1924.

In the Superior Court, the action was tried before *Mc-Laughlin*, J. Material evidence is described in the opinion. The judge ordered a verdict "for the plaintiff in the sum of $626, which sum was arrived at as follows: Item 1: Profit sharing or deferred salary for 1922, being 44.19% of $390, plus interest to the date of the verdict $198.14; item 2: Profit sharing or deferred salary for 1923, being 40.22% of 1924, plus interest to the date of the verdict $427.86"; and reported the action to this court for determination upon the agreement of the parties stated in the opinion.

The case was submitted on briefs.

*E. A. Whitman,* for the plaintiff.

*F. D. Putnam & E. R. Dewing,* for the defendant.

CROSBY, J.   This case was heard before a judge of the Superior Court with a jury and at the close of the testimony, by agreement of counsel, the judge directed a verdict for the plaintiff on two items for $626 with interest from the date of the verdict, upon the following written stipulation of counsel: "This case is to be reported on the agreement that if there was evidence on which the jury could find for the plaintiff on Item 1 then judgment is to be entered for the plaintiff in the amount of Item 1 with interest from the date of the verdict; and if there was evidence on which the jury could find for the plaintiff on Item 2 then judgment is to be entered for the plaintiff in the amount of Item 2 with interest from the date of the verdict.   Otherwise, judgment for the defendant."

In 1919 the plaintiff entered the employment of the defendant as a dental hygienist at a salary of $20 a week. About a year and a half later it was increased to $21 a week. Shortly after she went to work she was given a booklet issued by the defendant entitled "Log of the Crew," which contained a statement of a profit sharing or deferred salary plan. The material portions are set forth in the report, including the following: "Babson's Salaries for 1923.   This plan applies only to the Babson Statistical Organization, and not to the Babson Institute, or the Babson Park . . . .   The employees who have been with the Babson Statistical Organization two full calendar years, in addition to their fixed salaries, may receive one or more additional payments which shall be charged to the salary account . . . .   If any question arises as to the interpretation or application of any feature of the Plan, the decision of the President shall be final."

The plaintiff testified that she read and understood these provisions and did not object to them.   She remained in the defendant's employ until October 11, 1923, when she was discharged by its president.   During the time she was so employed she received her weekly salary.   This action

is brought to recover the deferred salary to which she claims to be entitled during the years 1922 and 1923.

The contract between the parties was valid and could not be avoided by the plaintiff's discharge; as she had not been employed for a definite time, she could lawfully be discharged at any time. *Scott* v. *J. F. Duthie & Co.* 125 Wash. 470. *Roberts* v. *Mays Mills,* 184 N. C. 406. See notes 28 A. L. R. 328, 331, and cases cited. It could have been found that she continued in the defendant's employ relying on the promise to be paid the deferred salary; that the promise was founded upon a valid consideration; and that it was not a mere gratuity but a part of the contract of service. *Zampatella* v. *Thomson-Crooker Shoe Co.* 249 Mass. 37, 39.

The plaintiff testified that, after her discharge, she had an interview with Babson, the defendant's president, who then told her she was not entitled to any deferred salary and that he "was going to pay his money as he saw fit." It is the contention of the defendant that the clause in the plan which reads "If any question arises as to the interpretation or application of any feature of the Plan, the decision of the President shall be final" is a bar to recovery. If it be assumed that this clause constitutes the president a *quasi* arbitrator within the rule applied in *Palmer* v. *Clark,* 106 Mass. 373, *Robbins* v. *Clark,* 129 Mass. 145, and *Norcross* v. *Wyman,* 187 Mass. 25, the question remains whether the plaintiff is bound by his decision that she was not entitled to the deferred salary.

It is a general rule that an agreement purporting to oust the courts entirely of their jurisdiction is void. *Rowe* v. *Williams,* 97 Mass. 163. *Pearl* v. *Harris,* 121 Mass. 390. *White* v. *Middlesex Railroad,* 135 Mass. 216. *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203. See also *London Tramways Co. Ltd.* v. *Bailey,* 3 Q. B. D. 217; *Hope* v. *International Financial Society,* 4 Ch. D. 327.

The agreement in the present case is not like a building contract in which the decision of an architect or engineer respecting the quantity or quality of the work done is a condition precedent to the plaintiff's maintaining an action

for the price.   *Palmer* v. *Clark, supra.   White* v. *Middlesex Railroad, supra.*

If the phrase of the plan can be considered as an agreement for arbitration, it cannot be presumed that the parties intended to make such an arbitration a condition precedent to a right of the plaintiff to bring an action for the deferred salary. The defendant's president, it may reasonably be inferred, was vitally interested in the decision of the question involved. It could have been found that he was prejudiced against the allowance of the plaintiff's claim and could not act disinterestedly; that he was not in a position to render a fair and impartial decision. In the interest of manifest justice the plaintiff was not bound by such an arbitration. As was said in *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, at page 8, "This construction is reinforced by the consideration that there is doubt about the validity of any arbitration clause which would constitute one party to a dispute a member of a board of arbitration to pass upon his own claims. Arbitration implies the exercise of the judicial function. An arbitrator ought to be free from prejudice and able to maintain a fair attitude of mind toward the subject of controversy. It would be a travesty upon all ideas of judicial propriety or of judicial work for a man to be an arbitrator to settle the amount of his own liability. It is contrary to natural right and fundamental principles of the common law for one to judge his own cause."

It is plain that, if the clause in question is an agreement for arbitration, it is invalid. *Hawkins* v. *Graham,* 149 Mass. 284. This case is distinguishable from *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1. In view of the conclusion reached, we need not decide whether the clause was void as an attempt to oust courts of jurisdiction. See *Bauer* v. *International Waste Co., supra,* and cases cited.

The provision in the "Log of the Crew" that "Anyone leaving the employ of the Organization between December 31, 1922, and December 31, 1923, . . . shall forfeit all claim to any of the above funds" has no application to the plaintiff who was discharged in October, 1923. It follows

that the jury could have found she was entitled to recover the deferred salary for 1923.

The question remains, whether the jury would have been warranted in finding for the plaintiff on the first item of the verdict for deferred salary for the year 1922. During this year she knew that she was devoting a portion of her time to work on the teeth of students of the Babson Institute, an organization separate from that of the defendant. The plan expressly recites that the profit sharing part of it applies only to the Babson Statistical Organization and not to the Babson Institute or the Babson Park Company. She testified that the only calendar year for which she had received deferred salary was 1922 and that in 1923 she was paid two thirds of that salary. She knew that one third of her weekly salary had been paid to her during 1922 by the Babson Institute, and it had amounted to $390. She also testified that in 1923 Larson, the assistant cashier of the defendant, gave her a card with figures on it and explained to her that she would receive deferred salary on only two thirds of her pay because one third of it came from the Babson Institute and that no deferred salary would be paid on it. She then accepted the deferred salary on two thirds of the weekly salary without objection.

The plaintiff is not entitled to recover on the one third of her salary paid in 1922 by the Babson Institute. To hold otherwise would be contrary to the express terms of the plan.

It follows that in accordance with the terms of the report judgment is to be entered for the plaintiff under Item 2 for $427.86 with interest thereon from the date of the verdict.

*So ordered.*