Argued January 17; reversed February 11; rehearing denied
March 10, 1936.

# BLESSING *v.* OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED

(54 P. (2d) 300)

*E. L. McDougal,* of Portland, for appellant.
*Wm. P. Lord,* of Portland, for respondent.

RAND, J. Plaintiff brought this action on an employer's liability policy of insurance, issued by the defendant to the Oregon Casket Company, to recover for the death of her husband who sustained a personal injury by accident, causing his death, while in the employ of the Oregon Casket Company.

It was alleged, in the complaint and admitted by the answer, that at the time of the accident neither the deceased nor his employer was subject to the Oregon Workmen's Compensation Act. The damage, sought to be recovered herein, is the amount of the compensation which the plaintiff would have been entitled to receive from the Workmen's Compensation fund had the decedent been subject to the Workmen's Compensa-

tion Act at the time of his death, and this sum would be payable to her under the terms of the policy, if, by its terms, she is entitled to maintain this action. Whether so entitled or not is the only question for decision here and the solution of this question depends wholly upon the terms of the contract which was entered into by the defendant with the assured.

The contract of insurance consists of two writings— the policy itself and a slip or rider attached thereto and, by the express agreement of the parties, made a part thereof. This contract is written on a form of policy prepared by the defendant and is entitled "Employers' Liability Policy—Excluding Workmen's Compensation". It agrees to insure the Oregon Casket Company against loss, by reason of the liability imposed by law upon the assured, for damages on account of accidental bodily injuries sustained by its employees or death resulting therefrom, and to pay and satisfy judgments finally establishing assured's liability in actions defended by the defendant company. It undertakes to investigate all accidents, negotiate all claims and defend all suits for damages growing out of such injuries, whether groundless or not. It is plainly a contract of indemnity against loss and was executed for the sole benefit of the assured. It contains no promise for the special benefit of any injured employee, nor does it give any right of action to any such employee except, only, when a judgment against the assured has been obtained and, because of the insolvency or bankruptcy of the assured, execution thereon has been returned unsatisfied, in which case it provides that the injured workman, or his personal representative in case of the workman's death, may maintain an action against the insurer for the amount of the judgment not exceeding the policy limits, and this case does not come within that provision.

In *Anderson v. Hartford Accident & Indemnity Co.,* ante p. 505 (53 P. 2d) 710, 54 P. (2d) 1212), decided by this court on January 21, 1936, the right of an injured workman to maintain an action against an insurance company under an employer's liability policy of insurance, containing entirely dissimilar provisions from those contained in this policy, was upheld. But it was also held in that case that the injured workman could not maintain the action against the insurer because of the workman's failure to comply with a condition precedent to bringing suit which was contained in the policy. In that policy it was expressly provided that the contract of insurance between the company and the assured was for the benefit of any employee covered by the policy who sustained an injury for which he would be entitled to compensation under the provisions of the Workmen's Compensation Act, if such employer, at the time, had been subject thereto. That policy also further provided that the provisions of the Oregon Workmen's Compensation Act should constitute a part of the contract of insurance as fully as if the law itself had been written therein, and it also contained a promise, upon the part of the insurance company, to pay promptly and voluntarily to an injured employee covered by the policy the compensation provided for a like injury under the Workmen's Compensation Act, and there were no exceptions stated in the policy which would relieve the insurance company from so paying the injured workman. The provisions there contained are entirely dissimilar from the provisions contained in the policy involved in this case and, hence, that case furnishes no aid in the solution of the question we are now called upon to decide.

In *Scheuerman v. Mathison,* 74 Or. 40 (144 P. 1177), one of the questions for decision was whether an

injured employee, who had recovered a judgment against his employer for an injury sustained, upon which an execution had been issued and returned in part unsatisfied, could garnishee the insurance company, which had issued to the employer of such person an employer's liability policy, for the balance of the unpaid judgment, and it was held that an employer's liability insurance policy creates no privity of contract between the insurer and the employee and is not a promise for the benefit of the employee. Upon that point, the court, speaking through Mr. Justice RAMSEY, said:

"It is obvious that there is no privity between the plaintiff and the garnishee. The company has no contract with the plaintiff. The policy was obtained for the benefit of the assured and not their employees. The company made no promise for the benefit of the plaintiff."

In support of its decision, the court, in that case, cited numerous decisions, all of which sustain the decision. One case cited was: *Kinnan v. Fidelity & Casualty Co.*, 107 Ill. App. 406, the syllabus of which was quoted with approval and reads as follows:

"An injured employee has no rights against a liability company which has an indemnity contract or policy with his employer."

In stating the rule applicable generally to employers' liability insurance policies, 36 C. J., page 1129, says:

"As a general rule, one who suffers injury which comes within the provisions of a liability insurance policy, is not in privity of contract with insurer, and cannot reach the proceeds of the policy for the payment of his claim by an action directly against insurer, unless recovery is permitted by statute, or by the express provisions of the policy."

In his work on The Law of Insurance, (2d Ed.), Vol. 4, section 2800, Joyce says:

"Employees' liability policies are held to be contracts of indemnity only; and also those of insurance. But the indemnity contemplated is for the benefit of insured only and does not extend to any third person not a party to the contract who may suffer bodily injuries through negligence of assured, especially so where it is stipulated that no action shall lie against insurer unless it shall be brought by assured and then only for loss and/or expense actually sustained and paid in money by assured after actual trial of the issue."

Again, in Vol. 5, section 3658b, the author says:

"Under the usual contracts of indemnity of this character there is no privity, no contractual relation, between the servant or employee and the parties to the indemnity contract; the fund provided for indemnity is not a trust fund, and the loss contemplated is that which the insured employer sustains by the satisfaction of the judgment against him under the terms of the contract. And whether the policy insures directly against liability or against loss or damage due to liability there is no privity between the employee and the parties insurer and insured under the indemnity contract. An employee has. therefore no right of action at law against the insurer of the employer, as no contractual relation exists between him and said insurer."

■■ Hence, it follows that this action can not be maintained against this defendant unless in the slip or rider attached to the policy there is some provision which expressly confers that right upon plaintiff. As stated, that rider is entitled "Oregon Voluntary Compensation Endorsement". It provides that, in consideration of the payment of the premium, the insurer agrees with the assured

". . . as respects personal injuries sustained by employees in the course of their employment and cov-

ered by said policy, including death at any time resulting therefrom, to voluntarily pay to any person entitled thereto

(a) the entire amount of any sum due and all installments thereof as they may become due as would be payable to such persons if legally entitled to compensation under the provisions of chapter 112, Laws of 1913, State of Oregon (Oregon Workmen's Compensation Law) and any laws amendatory thereof;".

This, we think, is a promise for the special benefit of injured employees, or their personal representatives in case of the death of the employees, and would entitle the plaintiff to sue were it not for a proviso following said promise and qualifying it. The proviso is as follows:

" (c) That in any case such benefits may be withheld upon the joint agreement of the Company and Assured named in the declarations."

It was stipulated upon the trial that a joint agreement had been entered into between the defendant and the assured that the benefits which would otherwise have been payable to this plaintiff, on account of the injury and death of her husband, should be withheld and not be paid to her. It was also stipulated that no notice of such withholding of the benefits from the plaintiff was given to her and that she had no knowledge of the making of such an agreement upon the part of the defendant and the assured. We think that her lack of knowledge is wholly immaterial and does not in any way take away the right of the defendant and the assured to agree among themselves that plaintiff was not entitled to receive any benefits under the policy. To hold that notice of such an agreement should first be given to her would be to add a term to the contract

to which the parties thereto have never agreed. As said by Joyce in the first section quoted above:

"Parties have also a right to insert provisions in these policies which define and make clear the limitations upon their liability and the obligations of each party thereto * * *."

■ Again, as said by Mr. Justice RAMSEY in *Scheuerman v. Mathison*, supra,

"Neither courts of law nor of equity have the right or power to make contracts for parties, or to alter or amend those that the parties have made. It is the intention of the parties, manifested by their words, and not the whim of the court, that must be the guide in construing contracts made by the parties thereto."

■ Plaintiff contends that this proviso, limiting the promise to voluntarily and promptly pay injured workmen to those cases only where no joint agreement between the insurer and insured has been entered into, withholding the benefits which otherwise would be payable to the injured workman, or his personal representative in case of his death, is void as against public policy. Upon this question, Joyce says:

"These contracts are not void as against public policy for the employer's means of meeting its liability is increased and not lessened thereby."

It is true that Joyce was referring to a no-action clause written into an employer's liability policy of insurance, but the reason for the rule stated by him, in respect to such no-action clause, is applicable to the clause under consideration here. We hold, therefore, that this provision permitting the withholding of the benefits otherwise payable under the policy to an injured employee by an agreement jointly entered into between the insurance company and the assured is not void as against public policy, but is a valid agreement and one upon which the assured has a right to rely.

▮▮ Plaintiffs counsel also call attention to section 3-109, Oregon Code 1930, which provides:

"Whenever a judgment debtor has a policy of insurance covering liability, or indemnity for any injury or damage to person or property, which said injury or damage constituted the cause of action in which such judgment was rendered, the amount covered by said policy of insurance shall be subject to attachment upon the execution issued upon said judgment."

and contends that, by reason of that section, which was enacted after the decision was rendered in *Scheuerman v. Mathison,* supra, the rule of law stated above that an employer's liability policy of insurance does not entitle an injured employee to maintain an action against the insurer has been changed by statute in this state.

That section refers only to one of the questions there passed upon, namely: the right of garnishment in a given case, and has no reference to the main question of whether an injured employee may sue an insurance company of his employer under an employer's liability policy of insurance for an injury sustained in the course of his employment. Garnishment is a remedy provided by law to enable a creditor to subject to the payment of his claim the indebtedness owing by others to his debtor and has no application where the garnishee is himself a judgment debtor or is primarily liable upon the indebtedness for which a judgment has been given. Hence, under the facts proved in the instant case, the statute has no application.

▮ Neither does the principle that an action on a contract may be maintained by the person for whose benefit it was made have any application where the promise to the third party is conditional and the condition has not been complied with. The insurance company, the defendant herein, owed no duty to the employees of the

assured unless such duty was created by the contract it made with the assured.

■ In entering into this contract, the contracting parties had an absolute right to agree among themselves upon any lawful terms and conditions upon which the rights of an injured employee of the assured, as against the insurer, should be made to depend and to express in the policy such limitations governing the liabilities of the insurer as they saw fit to do. This contract was made primarily for the benefit of the assured and not for the special benefit of any employee of the assured, nor was it a contract which the law required either to make. It was not a contract based upon a consideration paid in whole or in part by any employee of the assured, nor was it one which could only be made with the consent or approval of the employees of the assured, and it conferred no right of action upon such employees unless expressly stipulated in the contract. Plaintiff's deceased husband was not a party to the contract and, upon his death, it vested no right in her unless expressly stipulated and provided in the contract.

By the terms of this contract, it was expressly provided that no claim should be paid to any injured employee or, upon his death, to any representative of such employee, where the two contracting parties had, in accordance with the terms of the contract, jointly agreed that the benefits in that particular case should be withheld. There was nothing immoral or wrongful about such a contract. It violated no rights of the plaintiff or any employee of the assured and contained nothing which rendered it void as against public policy. To hold such a limitation to be inoperative would require the court to disregard the express provisions of this contract and to impose upon the insurance company

a liability which the parties themselves have expressly stipulated should not exist.

The judgment, therefore, is reversed.

CAMPBELL, C. J., and BAILEY, J., concur.

BEAN, J., dissents.

---

BEAN, J. (dissenting). I concur in the able opinion of Mr. Justice RAND, except as to the effect of clause (c) hereinafter quoted. In the "Oregon Voluntary Compensation Endorsement" the insurer, in consideration of the payment of the premium, agrees with the assured, as follows:

"as respects personal injuries sustained by employees in the course of their employment and covered by said policy, including death at any time resulting therefrom, to voluntarily pay to any person entitled thereto

(a) the entire amount of any sum due and all installments thereof as they may become due as would be payable to such persons if legally entitled to compensation under the provisions of Chapter 112, Laws of 1913, State of Oregon (Oregon Workmen's Compensation Law) and any laws amendatory thereof;

(b) for the benefit of such person, the proper cost of whatever medical, surgical, nurse, or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses as are required by the provisions of such Workmen's Compensation Law,

Provided, However,

(a) that no claim, suit, or other legal Court proceeding is made, instituted, or prosecuted against the employer by an injured employee or his legal representative to enforce the liability of the employer under the laws of the State of Oregon applicable to such accident as respects any injury and/or death accidentally suffered by an employee because of such accident;

(b) that the person entitled to such benefits shall execute valid release from all legal liability, and,

(c) that in any case such benefits may be withheld upon the joint agreement of the Company and Assured named in the declarations;''

The policy is, in its nature, a triparty contract. It is in regard to clause (c) that the right of the plaintiff to prevail depends, as stated by the majority opinion.

Noticing the statement of the learned counsel for the defendant in the reply brief, it is to the effect that:

''If we assume that this contract is for the benefit of the employees, then the interested parties are the insurance company and the employees, and not the Oregon Casket Company. The decision not to pay could not be made solely by the insurance company. The Oregon Casket Company had an equal voice in the matter. And whether payment was made or not, the Oregon Casket Company was in no better or worse position. Its position was neutral.''

Therefore, the really interested parties, in accordance with this statement, are the insurer and the employee, or his representative in this case, and we think they are the ones most interested. Hence it is necessary to determine whether, after the employee or his representative had presumably refrained from instituting any claim or proceeding against the employer and evidently had relied upon the promise of the insurance company to the Oregon Casket Company for the benefit of the employee, the company who made the promise for a valuable consideration, by a joint act with the Oregon Casket Company, the assured, by virtue of this clause, could agree that the representative of the employee should not be entitled to recover. This, in effect, would be permitting the insurer, by permission of the Oregon Casket Company, to wholly determine its own liability and decide its own case. Such a clause in

a policy of this kind, which is usually construed more favorably to the insured than to the insurer, I do not think is valid. I do not know that we will find any cases absolutely in point, but there are many that are governed by principles which apply to the present case.

In *Patton v. Babson's Statistical Organization, Inc.*, 259 Mass. 424 (156 N. E. 534), we find the following:

"It is a general rule that an agreement purporting to oust the courts entirely of their jurisdiction is void. Rowe v. Williams, 97 Mass. 163; Pearl v. Harris, 121 Mass. 390; White v. Middlesex Railroad, 135 Mass. 216; Lewis v. Brotherhood Acci. Co., 194 Mass. 1, 79 N. E. 802, 17 L. R. A. (N. S.) 714; Bauer v. International Waste Co., 201 Mass. 197, 203, 87 N. E. 637. See, also, London Tramways Co. Ltd. v. Bailey, 3 Q. B. D. 217; Hope v. International Financial Society, 4 Ch. D. 327."

In *Employee's Bene. Ass'n of Calumet, etc. Co. v. Johns,* 30 Ariz. 609 (249 P. 764, 51 A. L. R. 1414), the syllabus reads:

"By-law of mutual benefit association, providing that decision of its board of trustees on appeal shall be conclusive, is void, as against public policy, as applied to controversy over property rights under policies, and does not preclude representative of member, for whose death financial benefits are sought, and who has expressly agreed to accept such by-laws, from suing in the courts."

In *Supreme Council v. Grove,* 176 Ind. 356 (96 N. E. 159, 36 L. R. A. (N. S.) 913), we read:

"The reason of the rule lies deeper than the mere matter of power to submit to arbitration, in the fact that it is entirely inconsistent with, and repugnant to, all ideas of justice that one should be an arbitrator in his own case, and that the laws of the land should be superseded, and the courts ousted of jurisdiction to interfere and enforce them, by the very contract which is in question."

In *Lewis v. Brotherhood Acci. Co.,* 194 Mass. 1 (79 N. E. 802, 17 L. R. A. (N. S.) 714), involving a policy of accident insurance, at the end of the policy, immediately before the attesting clause, was the following provision:

"In the event that this company and the certificate holder or beneficiary disagree as to the liability of this company under this certificate, it is agreed, and this certificate is issued upon the express condition, that such liability and the amount thereof shall be determined by arbitration; . . ."

Then follows a provision as to the persons of whom the board of arbitrators should consist. It was held that the provision quoted was an agreement to refer to arbitration questions of liability arising under other provisions of the contract, and was void as an attempt to oust the courts of their jurisdiction.

Stipulations in insurance policies and employees' profit-sharing agreements, which provide for a decision by a person who is directly interested in the claim, which is being made, are void as contrary to public policy. In addition to the authorities above cited, see *Supreme Lodge v. Raymond,* 57 Kans. 647 (47 P. 533, 49 L. R. A. 373); *Daniher v. Grand Lodge,* 10 Utah 110 (37 P. 245); *Kelly v. Trimont Lodge,* 154 N. C. 97 (69 S. E. 764, 52 L. R. A. (N. S.) 823); *Railway Conductors' Bene. Ass'n v. Robinson,* 147 Ill. 138 (35 N. E. 168); *Bond v. Grand Lodge,* 165 Ill. App. 490; *McCullough v. Clinch-Mitchell Const. Co.,* 71 F. (2d) 17; *American Bene. Life Ass'n v. Hall,* 96 Ind. App. 498 (185 N. E. 344).

According to the principle that an action on a contract may be maintained by the person for whose benefit it was made, where a policy expressly provides that it is for the benefit of the person injured, such

person may maintain an action thereon against the insurer: 36 C. J. 1132, § 132.

Undoubtedly the employees of the Oregon Casket Company are beneficiaries under the policy in question. Mr. Williston, on Contract, Vol. 1, § 396, discussing rescission or release, says, in effect, that in the case of a sole beneficiary it is like the attempted revocation of a gift. The promisor for good consideration has given the beneficiary a right, and later he seeks to take it away by procuring the extinction of the promise. If it be admitted that the beneficiary has a direct right of his own, it ought not to be extinguished without his consent. As to when the beneficiary's right arises, when the promise for his benefit was made or when he was notified of it, or assented to it, he states the question is analogous to that arising upon a gift of property or the creation of a trust for the benefit of another. As a gift is a pure benefit to the donee, there seems no reason why his assent should not be presumed, unless and until he expresses dissent. According to this view the sole beneficiary acquires a right immediately upon the making of the contract, and any subsequent rescission is ineffectual. There is weighty authority in support of this view, though there is contrary authority. We quote from that section:

"The almost universal doctine that the beneficiary of a life insurance policy acquires a vested right of which he cannot be deprived subsequently is in accord." Citing among numerous other cases, *Mutual Bene. L. I. Co. v. Cummings,* 66 Or. 272 (126 P. 982, 133 P. 1169).

We find in the Notes, 12 Columbia Law Review (1912), 551, referring to the interest of the beneficiary of a life insurance policy, as follows:

"When, however, the anomalous right of the beneficiary to sue upon a contract made for his benefit sprang up in

general contract law, it was instantly and universally recognized in the field of insurance. Indeed this anomaly has here received an extension which produces a peculiar result. For, while it is generally admitted that the right of the beneficiary is destroyed by the mutual agreement and rescission of the principals to the contract, the overwhelming weight of authority regards the right of the beneficiary of a life insurance policy as vested and indefeasible. . . ."

Clause (c) contained in the policy, if given force, would annul the policy, as far as the protection to employees is concerned. It is strange that the policy should have passed the Insurance Commissioner of Oregon.

It is plain that this is an action *ex contractu* and not *ex delicto*. The insurance company plainly promises under certain conditions to pay the employees of the Oregon Casket Company certain amounts, the same as they would receive under the provisions of the Workmen's Compensation Act. Much is said in the brief of defendant to the effect that it was first necessary for the plaintiff to obtain a judgment against the Oregon Casket Company. In order for plaintiff to obtain such a judgment it would be necessary for plaintiff to show that the company was negligent in some manner, while the undertaking of the insurance company is in relation to personal injuries sustained by employees by accident arising out of and in the course of their employment, although there may be no negligence on the part of the employer, and the amount is governed by the provisions of the Workmen's Compensation Act. It is well known that there are many accidents that are compensable under the Workmen's Compensation Act, where there is no negligence of the employer involved.

Indeed it would be singular if, in every case under such policy where there was a claim for liability, to be paid in accordance with the Workmen's Compensation

Act and no negligence was involved, the insurer and insured did not agree that the benefits should be withheld. The assured would not be liable, nor necessarily interested, and naturally would comply with the request of the insurance company and agree that there should be no recovery.

Clause (c) is in the nature of a stipulation for arbitration, and whatever may be said in regard to the consent of the insured, the decision of the insurance company passing upon its own liability renders such an arbitration unfair and illegal, and therefore clause (c) is invalid and contrary to public policy. Such a decision as to one's own liability ought to be as impossible as for a person to lift himself up by his own bootstraps.

Clause (c) vitiates the policy as far as the employees are concerned.

The judgment of the circuit court should be affirmed.