FREDERICK W. SMITH *vs.* GRAHAM REFRIGERATION PRODUCTS COMPANY, INC.

Hampden. September 22, 1955. — November 4, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract,* Promise to pay when able, Validity, Consideration, Of employment, Modification. *Practice, Civil,* Auditor: conclusion of law. *Res Judicata.*

Error in a conclusion of law by an auditor based on his findings of fact may be corrected by the trial court or this court without the necessity of a motion to recommit or a motion to strike out the erroneous portion of the report. [183–184]

A purported modification of a contract of employment with a corporation whereby the employee would draw no further salary "until the . . . [corporation's] financial condition warranted such payment" made its obligation to the employee in effect a promise to pay his salary when able and was not so vague and indefinite as to be unenforceable and leave the original contract in force unchanged. [184]

An agreement by one employed at will to draw no further salary "until the . . . [employer's] financial condition warranted such payment" was supported by consideration through the employee's continued employment under the new arrangement. [186]

A decision that an employee who had agreed not to draw any further salary "until the . . . [employer's] financial condition warranted such payment" was not presently entitled to recover salary because of the poor financial condition of the employer would not preclude on the ground of res judicata the employee's subsequently recovering salary on proof that the employer's financial condition justified its payment. [186]

CONTRACT. Writ in the Superior Court dated April 16, 1953.

The action was heard by *Meagher, J.,* on an auditor's report.

In this court the case was submitted on briefs.

*Ralph W. Crowell & John W. Hird, II,* for the plaintiff.

*William A. Godfrey & William C. Giles, Jr.,* for the defendant.

SPALDING, J. In this action of contract the plaintiff seeks to recover sums allegedly due from the defendant for salary and commissions. The case was referred to an auditor, whose findings of fact were not to be final. After the filing of the auditor's report neither party reserved the right to introduce further evidence and the case was heard by a judge on the plaintiff's motion for judgment on the auditor's report. The judge ordered judgment for the plaintiff in the amount of $1,558.81 subject to the plaintiff's exception. It is the plaintiff's contention that, for reasons that will hereinafter appear, he is entitled to $4,500 more than the sum awarded by the judge.

Facts found by the auditor include the following: On January 1, 1952, the plaintiff commenced working for the defendant, a corporation organized under the laws of this Commonwealth. There was no written agreement between the plaintiff and the defendant touching the compensation to be paid to the plaintiff. On February 5, 1952, Raymond S. F. Graham, who was the beneficial owner of all of the outstanding stock of the defendant, entered into a written agreement with the plaintiff. Under this agreement the plaintiff purchased one half of the stock of the defendant owned by Graham and it was agreed that the defendant was to pay to the plaintiff the same salary as Graham was receiving on January 1, 1952 ($1,000 per month plus expenses), and Graham was to be paid a like amount. The plaintiff received the sum of $700 per month plus expenses from January 1, 1952, through June, 1952. During this period the balance of $300 was withheld each month by the defendant at the plaintiff's request.

In June of 1952, because of the defendant's financial condition, the plaintiff and Graham, who together owned all of the stock of the defendant, orally agreed that no further salary would be drawn by either "until the defendant's

financial condition warranted such payment." "The defendant's financial condition did not and does not warrant such payment but became steadily worse from June 1 to and including the time of trial." Since July 1, 1952, in compliance with this agreement neither the plaintiff nor Graham has drawn any salary. On November 15, 1952, the plaintiff voluntarily ceased working for the defendant.

The auditor found that the amount due the plaintiff was $1,800, representing the portion of the plaintiff's salary ($300 per month) retained by the defendant during the six months' period from January to June. Adjustments for other transactions, which are not in dispute, reduced this amount to $1,558.81, and that was the amount fixed by the judge in his order for judgment. The auditor found that an additional sum of $4,500, representing the plaintiff's salary from July 1 to November 15, was "not due or payable until the financial condition of the defendant . . . [warranted] its payment." The judge by not including this sum in his order for judgment obviously reached the same conclusion.

The plaintiff contends that the modification of the original agreement in June whereby neither the plaintiff nor Graham would draw any salary "until the defendant's financial condition warranted such payment" is too vague and indefinite for enforcement. Thus, it is argued, the agreement must be read without the purported modification, with the result that the $4,500 is due now.

The defendant argues that it is not open to the plaintiff to make this argument on this record since his remedy was either to move for recommittal of the auditor's report or to move to strike the offending portion of the report when it was offered in evidence and the plaintiff did neither. We do not agree. If the plaintiff were attempting to challenge findings of fact made by the auditor there would be merit in the defendant's contention. *Boston Box Co. Inc.* v. *Shapiro*, 249 Mass. 373, 377. *Solomon* v. *Boylston National Bank*, 269 Mass. 589, 594. *Petitti* v. *Perriello*, 305 Mass. 274. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505,

506. *Papetti* v. *Alicandro*, 317 Mass. 382. G. L. (Ter. Ed.) c. 221, § 56. But the plaintiff is challenging not the auditor's findings of fact but rather his conclusion of law based on those findings. Where the conclusion in an auditor's report in favor of one party is in effect a ruling of law, and it appears from facts found that the ruling should have been for the other side, the trial court or this court can correct the error and order that judgment be entered in conformity with the facts found. See *Fisher* v. *Doe*, 204 Mass. 34, 40.

Turning now to the merits, we are of opinion that the modification of the contract was not too vague and uncertain to be enforceable. When the original agreement was modified so that the plaintiff and Graham were not to draw their salaries "until the defendant's financial condition warranted such payment" the undertaking of the defendant became in effect a promise to pay when able. A promise of that sort is enforceable. But by the weight of authority such a promise is conditional and is enforceable only on proof that the ability exists. *Randidge* v. *Lyman*, 124 Mass. 361. *Richardson* v. *Bricker*, 7 Colo. 58, 60. *Van Buskirk* v. *Kuhns*, 164 Cal. 472. *Walter Denney & Co.* v. *Wm. D. Wheelwright & Co.* 60 Miss. 733. *Western Wheel Scraper Co.* v. *Spitcaufsky*, 199 Mo. App. 513. *Flather* v. *Economy Slugging Machine Co.* 71 N. H. 398. *Tebo* v. *Robinson*, 100 N. Y. 27. Williston on Contracts (Rev. ed.) § 804. 94 A. L. R. 721. 99 A. L. R. 1523.

The case at bar closely resembles *Booth* v. *Booth & Bayliss Commercial School, Inc.* 120 Conn. 221. There the plaintiff and one Bayliss, who owned or controlled all but two shares of stock of the defendant corporation, were both employed by the defendant. In each year between 1922 and 1932 they caused a vote to be passed whereby they were to be paid equal salaries. It was agreed that of the salaries so authorized each was to draw an equal amount and that any salaries not drawn in any year would be allowed to accumulate on the books of the company and be paid to them "as receipts or earnings subsequently permitted." In

an action by the plaintiff to recover salary thus accumulated the trial court found that at no time had the financial condition of the defendant been such as to warrant payment of any substantial sum to the plaintiff and Bayliss and that nothing was due to the plaintiff from the defendant. It was held on appeal in a well considered opinion that the promise was sufficiently definite as to be practicably capable of proof and that it was a conditional promise requiring proof by the plaintiff that the funds of the defendant were of such amount, in excess of current expenses and such reserves of cash accumulated in the busy seasons as were required to carry the business during slack periods, as would permit withdrawals without prejudice to the current conduct of the corporate business.

It is true that promises of this sort present greater difficulties when made by a corporation than when made by an individual. The financial structure of a corporation and its activities are often more complex than those of an individual. Yet we cannot say that such a promise made by a corporation in the circumstances obtaining here is incapable of enforcement.

The plaintiff relies heavily on the case of *Hall* v. *First National Bank*, 173 Mass. 16, which involved an oral promise by the defendant bank to renew the plaintiffs' promissory notes "until such time as the improvement in the business situation should enable . . . [them] to proceed in business without such assistance." On appeal from the sustaining of a demurrer to a bill in equity brought to enjoin the bank from enforcing payment of the notes by action or to compel specific performance of the agreement it was held that the bill was rightly dismissed. The main ground of the decision was that the promise contained in the note could not be contradicted by the oral promise relied on. The court also stated at page 19 that "it is highly improbable that such an agreement as is alleged can mean to leave the determination of the time when money may be demanded to any one but the holder of the notes. . . . On the face of it, it does not import a legally

binding promise, but rather a hopeful encouragement sounding only in prophecy." The promise in the case at bar, as we construe it, is distinguishable, for it does not leave the question of ability to pay to the defendant to determine. On proof that the defendant has come into possession of funds sufficient to warrant payment of the salaries the plaintiff's right to recover is established.

The plaintiff argues that the modification of the agreement was without consideration. We do not agree. The plaintiff's employment does not appear to have been for a fixed term and for aught that appears could have been terminated by the defendant at any time. *Patton* v. *Babson's Statistical Organization, Inc.* 259 Mass. 424, 427. The continued employment of the plaintiff by the defendant under the new arrangement, which was not obligatory on the part of the defendant, was sufficient consideration to render the agreement enforceable. *Patton* v. *Babson's Statistical Organization, Inc., supra.*

Finally the plaintiff argues that if the modification of the contract is upheld the result would be that the plaintiff could never recover on it, because the defendant could resist payment by setting up the defence of res judicata. This argument need not be labored. If, as we hold, the promise is conditional and the plaintiff cannot recover because the condition has not happened, it obviously follows that upon the happening of the condition he can recover. All that we now hold is that the $4,500 is not *now* due.

*Exceptions overruled.*