James SNOOK, Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant.

Civ. No. 62–502.

United States District Court
D. Oregon.

Aug. 7, 1963.

William M. Dale, Jr., Hicks, Davis, Tongue & Dale, Portland Or., for plaintiff.

Robert H. Hollister, Hollister & Thomas, Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiff, a landscape gardener, was employed as such by one Ehlen, the insured, under the policy of insurance herein mentioned. On and prior to June 4, 1960, plaintiff was employed within the course and scope of his employment and while so employed received a personal injury, for which he seeks recovery from defendant insurance company. On said date plaintiff was married, living with his wife and two minor children.

The policy of insurance on which plaintiff bases his action provided, among other things, as follows:

"Coverage A—Workmen's Compensation

To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law. * * *"

Coverage A was eliminated by agreement between insured and defendant.

"* * * Coverage B—Employers' Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the in-

sured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto. * * * "

## VOLUNTARY COMPENSATION ENDORSEMENT

"Coverage C—Voluntary Compensation

To pay on behalf of the insured, if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for compensation if the injured employee and the insured had been subject to the workmen's compensation law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment. * * * "

Coverage C was added to the policy by way of special endorsement.

The insured was not engaged in a hazardous occupation and plaintiff was not performing such type of work at the time of his injury. Furthermore, Ehlen had rejected the provisions of the Oregon Workmen's Compensation Law and no coverage was provided for his employees under said law. The parties agree that plaintiff was within the group of employees particularly described in Coverage C of said insurance policy and that he was covered under the provisions of the voluntary compensation endorsement. The language of the policy making this endorsement a part thereof reads thus:

"1. Insuring Agreement 1 of the policy is amended by adding thereto an additional coverage as follows:

Coverage C—Voluntary Compensation." * * *

The parties agree that the injury to the plaintiff would not give rise to a valid claim under any Workmen's Compensation Law or any occupational disease law.

Previous to the commencement of this action, plaintiff filed an action against his employer in the Circuit Court of the State of Oregon seeking damages for the same injuries, other than payments under said voluntary compensation endorsement. That action was based on the same accident or occurence which is the basis of this proceeding. After that case was at issue and set for trial, the present action was commenced in this Court and thereafter on January 9, 1963, plaintiff took a voluntary non-suit in the State Court action.

The subject is now before the Court on the defendant's Motion for a Summary Judgment, in which it contends that plaintiff has no right or authority to prosecute an action under Coverage C, the voluntary endorsement. It is defendant's belief that plaintiff must establish negligence and secure a judgment against the assured, before an action may be prosecuted under such coverage. No claim is made that the action should be prosecuted in the name of the assured for the use and benefit of the plaintiff and, thus abated. This technical problem has thus been waived.

At the outset it is well to call attention to the admitted fact that plaintiff's employment is non-hazardous, as that word is used in the Workmen's Compensation Act of the State of Oregon. With this conclusion, I am in complete agreement. Manning v. State Industrial Accident Commission, 1963, Or., 380 P.2d 989. Therefore, the provisions of the Workmen's Act would not be applicable and Coverage A of the policy, even though in existence, would provide no protection for the plaintiff. In any case, the employer had elected, in accordance with law, not to come under the provisions of the Workmen's Compensation Act.

This being a diversity case, jurisdiction is grounded on that fact and

the policy must be interpreted and construed in accordance with the Laws of Oregon, the place where the contract was made. Prudential Ins. Co. of America v. Winn, 71 F.2d 126 (9 Cir., 1934); Gilkey v. Andrew Weir Insurance Company, Ltd., 291 F.2d 132 (9 Cir., 1961); Tierney v. Safeco Insurance Company of America (D.C.Or.1963) 216 F.Supp. 590.

■ Oregon has a Workmen's Compensation Law [1]. The employer, as here, may reject the provisions of the Act. Likewise, Oregon has an Employer's Liability Act [2] which imposes on an employer, in hazardous occupations, a statutory standard of care and eliminates or modifies certain common law defenses. Consequently, in Oregon, an employer engaged in a hazardous occupation, is faced with two types of liability where an employee charges a breach of duty, i. e. (1), a statutory liability under the Employer's Liability Act, and (2), liability at common law.

■■ Keeping in mind the Oregon Law on the subject and the fact that Coverage C was added to the policy as a special "Voluntary Compensation Endorsement" to be attached to and formed part of the main policy, I am driven to the inevitable conclusion that the endorsement provides a very special type of coverage, completely separate and apart from any coverage which might be provided under A or B, even assuming that type of coverage was in full force and effect. Defendant urges, with considerable force and vigor, that plaintiff must show either statutory or common law negligence, and recover a judgment before he can recover under the provisions of Coverage C. Here, I direct attention to the distinction between the condition precedent, created by the language of Coverage B, and the total absence of such a condition in Coverage C. Coverage B, among other things:

"To pay on behalf of the insured all sums which the *insured shall become legally obligated to pay as*

*damages* because of bodily injury by accident * * *"

Coverage C provides:

"To pay on behalf of insured * * (injury or death) * * *, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment." * * *"

The "such law" referred to in Coverage C is the Workmen's Compensation Law. The fact that the parties made the establishment of legal liability against the insured, a condition precedent to an action under Coverage B, rather conclusively demonstrates that they had no such intention on the coverage afforded under C.

Defendant's belief in the soundness of its postulate seems to be principally grounded on Wood v. Employers' Liability Assurance Corporation, 41 F.2d 573 (7 Cir., 1930); Zurich Insurance Company v. Sigourney, 278 F.2d 826 (9 Cir., 1960), and Blessing v. Ocean Accident & Guarantee Corporation, Ltd., 152 Or. 632, 54 P.2d 300. It is of more than ordinary significance that the decision in Wood was made in 1930, while the problem in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, in connection with Federal Court following State law in diversity cases, was not resolved by the United States Supreme Court until 1938. Wood does not mention an Indiana case. Moreover, the Supreme Court of Indiana, when the precise question was placed before it, refused to follow Wood and held that an employee has a cause of action on an endorsement similar to the one here in question, even though he did not show *legal liability* on the part of the employer. American Mutual Liability Insurance Co. v. Duesenberg, (1938) 214 Ind. 488, 14 N.E.2d 919, rehearing denied, 16 N.E.2d 698, 117 A.L.R. 1293. Even the Seventh Circuit recognizes that Wood is no longer controlling on an Indiana contract. Sindelar

---

1. ORS, Chapter 656.

2. ORS, Chapter 654.305 et seq.

v. Liberty Mutual Insurance Co., 161 F.2d 712, 713 (7 Cir., 1947).

In my opinion, Judge Evans dissenting opinion in Wood, is far more logical and in line with present concepts of construction of provisions in insurance policies, than is the majority opinion. He correctly forecast what the Indiana Supreme Court would eventually say on the subject.

Zurich Insurance Company v. Sigourney, 278 F.2d 826 (9 Cir., 1960) is urged as authority for the soundness of defendant's position. The language in Sigourney, on which defendant principally relies, is set forth 278 F.2d at page 829 of the report:

> "[T]he word 'injury' is limited only by the phrase 'while employed by the insured', so that all injuries incurred in the course of employment, *for which the employer may be potentially liable under the common law*, are directly compensable by the insurance company under coverage C in an amount equal to the scale of compensation that would have been payable had the workmen's compensation law been applicable."
> (Emphasis added)

This language must be read and construed in the light of the facts before the Court. The facts in Sigourney bear no relationship to the facts before me. The principal question in Sigourney was whether the disease known as San Juan Fever was such an illness as would be compensable under a voluntary compensation endorsement. The employer had rejected the compensation law. Judge Solomon held the employee was entitled to compensation *under the compensation endorsement, even though he might not be entitled to compensation under the Oregon compensation law.* It was there contended that plaintiff could not recover because the Oregon Compensation Law would not cover disability for such a disease. Judge Solomon held otherwise, and his decision was affirmed by the Court of Appeals. This decision, in my opinion, aids the theory of plaintiff, rather than that of defendant. The quoted language, when read in the light of the facts of the case is of no help to defendant. The question of whether the employer might be "potentially liable under the common law" was not before the Court of Appeals for decision and what was stated in the Opinion with reference thereto is nothing more than dictum.

Blessing v. Ocean Accident & Guarantee Corporation, Ltd., 152 Or. 632, 54 P.2d 300 can be of little comfort to defendant. By no stretch of the imagination can it be said that the decision in Blessing supports the precept for which defendant argues. The court in Blessing took notice of the generally accepted principle that the provisions of an *ordinary employer's liability insurance policy* did not create such rights in an employee as might permit him to bring an action directly against the insurer. The Court, 152 Or. on page 637, 54 P.2d on page 302, recognized that a policy of insurance might contain a special provision which expressly conferred such a right on an employee. The voluntary compensation endorsement in that case contained a provision whereby the insurer agreed:

> " * * * As respects personal injuries sustained by employees in the course of their employment and covered by said policy, including death at any time resulting therefrom, to voluntarily pay to any person entitled thereto (a) the entire amount of any sum due * * * as would be payable to such persons if legally entitled to compensation under the provisions * * * (Oregon Workmen's Compensation Law) * * *."

In construing this language the Oregon Supreme Court said:

> "This, we think, is a promise for the special benefit of injured employees, or their personal representatives * * *, and would entitle the plaintiff to sue were it not for a proviso following said promise and qualifying it. The proviso is as follows:
>
> > " '(c) That in any case such benefits may be withheld upon the

joint agreement of the Company and Assured named in the declarations.'

"It was stipulated upon the trial that a joint agreement had been entered into between the defendant and the assured that the benefits which would otherwise have been payable to this plaintiff, on account of the injury and death of her husband, should be withheld and not be paid to her.  *  *  *"

All well known principles of construction, of contractual obligations involving insurance agreements, are in direct conflict with defendant's views. In the last analysis, if the contract is ambiguous, it must be construed against defendant. To me the meaning of Coverage C is crystal clear.

The Oregon Court, in my opinion, if faced with the exact problem would hold that plaintiff is entitled to prosecute this type of action against defendant.

The Motion for Summary Judgment is denied and it is so ordered.