JOSEPH E. CALVANESE *vs.* A. S. W. TAXI CORPORATION & another.[1] June 23, 1980. The plaintiff brought a negligence action against the defendants based on back injuries allegedly caused by a collision on November 24, 1972, between a taxicab owned by one defendant (in which the plaintiff was riding) and a motor vehicle owned and operated by the other defendant. The jury returned verdicts for the defendants, finding on special questions that the defendants were negligent but that the plaintiff had sustained no personal injury as a result of the defendants' negligence. The plaintiff asserts error in the judge's refusal to give certain requested jury instructions; his denial of the plaintiff's motion to exclude evidence of certain preexisting injuries; the admission in evidence of the plaintiff's answers to interrogatories filed in a different case; and the admission of the master's report, which was read to the jury. There was no error.

1. The judge properly instructed the jury on each essential element of the plaintiff's claim. Contrary to the assertions contained in certain instructions requested by the plaintiff, there was sufficient evidence to warrant jury findings on the issue of causation, including evidence of prior or

---

[1] Alan L. Blais.

subsequent injuries and occurrences, as well as the medical opinion testimony of the plaintiff's expert witness. As to the remaining instructions requested by the plaintiff, the judge's charge adequately covered the matters raised thereby. See *Guinan* v. *Famous Players-Lasky Corp.*, 267 Mass. 501, 519-520 (1929); *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 93 (1967). See generally Nolan, Civil Practice §§ 703-707 (1975).

2. The judge did not abuse his discretion in denying the plaintiff's pretrial motion to exclude evidence of other accidents and injuries to the plaintiff's back prior and subsequent to the 1972 automobile accident. See *Wallace* v. *Ludwig*, 292 Mass. 251, 256 (1935). See also *Varelakis* v. *Etterman*, 4 Mass. App. Ct. 841 (1976). In any event, the plaintiff himself testified at length on direct examination as to those other incidents, and the scope of cross-examination was confined to matters material and relevant to the issues raised in the course of the plaintiff's testimony.

3. The judge did not err in allowing the defendant to introduce in evidence certain answers of the plaintiff to interrogatories filed in another negligence action brought by the plaintiff. Those answers related to the issue of causation raised at trial and were used to impeach the plaintiff's credibility. See *Williams* v. *Cheney*, 3 Gray 215, 220-221 (1855); Leach & Liacos, Massachusetts Evidence 20, 114-119 (4th ed. 1967). G. L. c. 231, § 89.

4. The judge did not err in admitting the master's report in evidence. (a) The master's finding that neither driver in the automobile collision sustained injury was properly admitted as evidence of the severity of impact. Cf. *Silver* v. *New York Cent. R.R.*, 329 Mass. 14, 21 (1952). (b) The judge properly struck the reference to the date of the accident in paragraph 15 of the report as an obvious typographical error. (c) The plaintiff's remaining objections to the master's report were properly ruled on by the judge (Mass.R.Civ.P. 53(e)(3), 365 Mass. 820 [1974]). The judge gave appropriate instructions to the jury concerning the master's erroneous ultimate finding in which he found for the plaintiff against one of the defendants but awarded no damages. See *Cook* v. *Farm Serv. Stores, Inc.*, 301 Mass. 564, 567 (1938); *Smith* v. *Graham Refrigeration Prod. Co.*, 333 Mass. 181, 183-184 (1955).

*Judgments affirmed.*

*Louis Kerlinsky* for the plaintiff.
*Morton J. Sweeney* for Alan L. Blais.
*Thomas J. Donoghue* for A. S. W. Taxi Corporation.